CROWN CENTRAL PETROLEUM COR-PORATION, Plaintiff-Appellee,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENN-SYLVANIA, Defendant-Appellant.

No. 84–2009.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1985.

Rehearing Denied Sept. 30, 1985.

Cowles, Sorrells, Patterson & Thompson, R. Brent Cooper, Michael W. Huddleston, Dallas, Tex., for defendant-appellant.

Vinson & Elkins, Daniel A. Hyde, Raybourne Thompson, Jr., Michel L. Phifer, Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, RUBIN and HIGGINBOTHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

Defendant-appellant National Union Fire Insurance Company of Pittsburgh (National Union) challenges the district court's award of prejudgment interest to plaintiff-appellee Crown Central Petroleum Corporation (Crown). Upon entering judgment in favor of Crown on its claims for business interruption insurance benefits the court awarded Crown prejudgment interest at a rate of 15% to be calculated from the date Crown submitted its proofs of loss to National Union. Applying Texas law, we reverse and remand with instructions.

### FACTS

Crown's Pasadena, Texas refinery was damaged by fire on August 16 and September 3, 1980. On November 25, 1981, Crown filed proofs of loss under the business interruption portion of its insurance policy with National Union. Although National Union paid Crown for all property damage caused by the fires, it contested Crown's business interruption claims, and Crown eventually brought this diversity action to enforce those claims. The jury returned a verdict for Crown. Both parties then filed memoranda on the recoverability of prejudgment interest. By its order of November 25, 1983, the district court awarded Crown prejudgment interest at a rate of 15% to be calculated from the date Crown filed its proofs of loss. National Union appeals contending that (1) the policy did not fix a measure by which the sum payable might be ascertained with reasonable certainty, and, therefore, prejudgment interest is not appropriate; (2) Texas law

does not permit prejudgment interest in excess of 6%; (3) Crown did not sufficiently plead prejudgment interest; and (4) the district court abused its discretion in awarding prejudgment interest from the date of the proofs of loss where National Union was under no obligation to pay Crown until sixty days after that date.

Subsequent to oral argument in this case the Supreme Court of Texas decided *Cavnar v. Quality Control Parking*, No. C–3332 (Tex. June 5, 1985) (motion for rehearing pending). We requested and have considered supplemental briefs regarding what effect if any *Cavnar* might have on our decision in this case. After full consideration of the relevant case law and a close reading of the *Cavnar* opinion we conclude that in *Cavnar* the Supreme Court of Texas announced for all cases a new rule regarding the availability and the rate of prejudgment interest. Accordingly, we reverse and remand with instructions that the district court reform its judgment to conform with this opinion and the rule announced in *Cavnar*.[1]

## I. Prejudgment Interest in Texas Before Cavnar

Prior to the Supreme Court's decision in *Cavnar*, prejudgment interest was not recoverable in Texas in wrongful death, survival, and personal injury actions. *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11, 12 (Tex.1897). In the seminal *Watkins* decision the Supreme Court of Texas refused to award prejudgment interest in this class of cases because the measure of damages was not fixed at any particular time and because the jury was given considerable latitude in determining the actual amount of recovery. *Id.* Whatever the merit of that rationale, it became thoroughly woven into the case law as Texas courts consist-

ently refused to grant prejudgment interest in personal injury cases. *See Cavnar*, at 5–6.

In all other cases, however, the courts recognized two possible bases for prejudgment interest awards: an enabling statute, Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp.1985),[2] and general principles of equity. *Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480, 485 (Tex. 1978). The well-settled rule in Texas was that interest was recoverable as a matter of right from the date of injury or loss, where damages were established as of a definite time and the amount thereof was definitely ascertainable. *Union Bank of Benton, Ark. v. First Nat. Bank*, 677 F.2d 1074, 1076 (5th Cir.1982). This rule applied to both statutory and equitable prejudgment interest and was liberally construed to allow interest where " 'the measure of recovery of claim, and *not necessarily the amount of damages*, [was] fixed by conditions existing at the time the injury arose or was inflicted.' " *Dallas-Fort Worth Regional Airport Board v. Combustion Equipment Associates, Inc.*, 623 F.2d 1032, 1040 (5th Cir.1980) (quoting *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93, 103 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.), and adding emphasis). For example, in the recent case of *La Sara Grain Co. v. First National Bank of Mercedes*, 673 S.W.2d 558, 587 (Tex.1984), the Supreme Court of Texas reaffirmed the rule stated in *Federal Life Insurance Co. v. Kriton*, 112 Tex. 532, 249 S.W. 193, 195 (1923), that " '[i]t is sufficient ... if the contract provides the conditions upon which liability depends and fixes a measure by which the sum payable can be ascertained with reasonable certainty, in light of the attending circumstances.' " Despite such liberal construction, however, determining

---

**1.** We are mindful that the Supreme Court of Texas has not yet acted on motion for rehearing in *Cavnar*. It is possible, therefore, that we have not heard the final word in that case. Nevertheless, we are bound to apply the law of Texas as it now stands, and further delay in rendering our decision would be an injustice to the parties in this already protracted case.

**2.** Art. 5069–1.03 provides:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

whether a contract fixed a measure by which the sum payable could be ascertained with reasonable certainty remained problematic. *See, e.g., Cavnar,* at 7; *Phillips Petroleum Co. v. Adams,* 513 F.2d 355, 365 (5th Cir.1975); *Miner-Dederick Construction Corp. v. Mid-Country Rental Service, Inc.,* 603 S.W.2d 193, 200 (Tex.1980); *Maxey v. Texas Commerce Bank of Lubbock,* 571 S.W.2d 39, 51 (Tex. Civ.App.—Amarillo), writ ref'd n.r.e. per curiam, 580 S.W.2d 340 (Tex.1979); *Travelers Indem. Co. v. Pollard Friendly Food Co.,* 512 S.W.2d 375 (Tex.Civ.App.—Amarillo 1974, no writ). Indeed, were it not for the intervention of the *Cavnar* decision, the primary issue on this appeal would be whether the business interruption insurance policy between Crown and National Union fixed such a measure of damages.

## II. Cavnar v. Quality Control Parking

On November 17, 1978, an employee of Quality Control Parking ran over and fatally injured Geraldine Cavnar. *Cavnar,* at 1. The administrator of Cavnar's estate joined Cavnar's children in bringing a wrongful death and survival action against Quality Control and others. The jury found Cavnar 5% negligent and divided the remaining fault in various percentages among the defendants. The trial court stated in its judgment that it would have granted an award of prejudgment interest had such damages been recoverable under Texas law. *Id.* at 3. The court of appeals affirmed the trial court's denial of prejudgment interest stating:

> The damages upon which appellants seek prejudgment interest are medical expenses, pain and suffering of Mrs. Cavnar, and mental anguish of appellants. In *Watkins v. Junker,* 90 Tex. 584, 40 S.W. 11 (1897) the Supreme Court stated that interest on personal injuries is not allowable, because the measure of this type of damage is not fixed at any particular time. Since *Watkins* the Supreme Court has reaffirmed the rule that inter-

est as damages is recoverable as a matter of law only when the principal damages are fixed by conditions existing at the time the injury is inflicted. *Texas Co. v. State,* 154 Tex. 494, 281 S.W.2d 83 (1955); *Black Lake Pipe Line Co. v. Union Construction Co., Inc.,* 538 S.W.2d 80 (Tex.1976).

678 S.W.2d 548, 554 (Tex.App.—Houston 14th Dist.1984).

In its landmark decision, the Supreme Court of Texas reversed and remanded, holding that:

> [t]he time has come to revise the prejudgment interest rule to make injured parties whole and restore equity and symmetry to this area of the law. We therefore hold that, as a matter of law, a prevailing plaintiff may recover prejudgment interest compounded daily (based on a 365-day year) on damages *that have accrued by the time of judgment....* Prejudgment interest shall accrue at the prevailing rate that exists on the date judgment is rendered according to the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 § 2 (Vernon Supp.1985).

*Cavnar* at 8. This apparent victory for the plaintiffs was tainted by the court's additional holding that since the Cavnar children failed to segregate their accrued damages from their future damages they were not entitled to prejudgment interest on their claims for loss of companionship, mental suffering, and loss of services. The court, however, did hold that all damages relating peculiarly to Cavnar necessarily accrued at her death and were therefore subject to prejudgment interest. In addition, the court formulated rules for the accrual of prejudgment interest in wrongful death, survival, and personal injury actions.[3]

## III. Application of Cavnar

 It is clear that in *Cavnar* the Supreme Court of Texas took the bold step of allowing prejudgment interest in personal

---

**3.** We have concluded that these rules are not intended to supplant an agreement between the' parties. We hold, therefore, that the rules are inapplicable to this contract action. *See* Part IV *infra.*

injury cases. It is not so clear, however, whether the rule announced in *Cavnar* applies to all cases, or merely to that class of cases originally excepted from prejudgment interest awards in *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11, 12 (Tex.1897). Nevertheless, after careful consideration we have concluded that although the holding in *Cavnar* is ostensibly limited to wrongful death, survival, and personal injury actions,[4] logic dictates that the decision be read to create a new prejudgment interest rule for all cases. It would be incongruous indeed to assume that while attempting to "restore equity and symmetry to this area of the law" the court intended to create two entirely different branches of prejudgment interest jurisprudence, each involving different standards for determining whether and at what rate an award should be made. Moreover, the *Cavnar* court so thoroughly disapproved of the reasonable ascertainability standard employed in prior prejudgment interest cases that we cannot imagine that any rule other than that of *Cavnar* survives.

■ Prior to *Cavnar* the crucial issue in this appeal would have been whether the insurance policy between Crown and National Union fixed a measure by which the sum payable to Crown could be ascertained with reasonable certainty on the date of the injury.[5] *See* Part I *supra*. In its effort to discredit the *Watkins* rationale for exempting personal injury cases from prejudgment interest awards, however, the Supreme Court of Texas held that

> the distinction between claims in which the damages are or are not fixed and ascertainable has become forced and artificial. Plaintiffs have been permitted to recover prejudgment interest on both liquidated and unliquidated claims in both contract and tort disputes. [citations

omitted] As these cases demonstrate, the fact that the amount of damages is uncertain, disputed and therefore unliquidated has not barred recovery of prejudgment interest in any except personal injury cases. ...

*Cavnar*, at 7. Despite National Union's protestations to the contrary, we could not in good conscience apply a standard that the Supreme Court of Texas has termed "forced and artificial." We must conclude that in contract as well as personal injury cases whether the plaintiff is entitled to prejudgment interest no longer depends on whether there is a fixed measure by which the sum payable is ascertainable to a reasonable certainty.

This conclusion is consistent with the *Cavnar* court's statement that the primary objective in awarding prejudgment interest is to fully compensate the plaintiff. *Cavnar* at 5. A rule that discriminates between cases on the basis of whether a measure of damages is fixed does nothing to further this objective. If our aim is to compensate the plaintiff for the time value of the damages caused by the defendant, then it should be irrelevant whether the defendant could have ascertained prior to judgment the sum owed to the plaintiff. As the Supreme Court has stated, "[w]hether the case is of one class or the other, the injured party has suffered a loss which may be regarded as not fully compensated if he is confined to the amount found to be recoverable as of the time of the breach and nothing is added for the delay in obtaining the award of damages." *Funkhouser v. Preston Co.*, 290 U.S. 163, 168–69, 54 S.Ct. 134, 136, 78 L.Ed. 243 (1933).

■ National Union argues that regardless of *Cavnar* this case is governed by

---

**4.** The Supreme Court of Texas concluded its opinion in *Cavnar* with statement that "this case applies to all future cases as well as those still in the judicial process involving wrongful death, survival and personal injury actions." *Cavnar* at 13. We conclude that the Supreme Court's instruction that *Cavnar* applies to cases "still in the judicial process" indicates that were it faced with this contract dispute it would apply its new rule rather than let the judgment stand based on old and discredited law. We, therefore, do just that.

**5.** It is crucial to note that the injury in this case was not the fire damage to the refineries, but National Union's refusal to pay Crown on its business interruption claims.

Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp.1985),[6] which allows an award of prejudgment interest at 6% on all accounts and contracts ascertaining the sum payable. National Union contends that in actions on contract Section 1.03 should operate to the exclusion of any other remedy at law or in equity. That contention, however, is meritless. Prior to *Cavnar* both the Supreme Court of Texas, *Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480, 485 (Tex.1978), and this circuit, *see, e.g., Union Bank of Benton, Ark. v. First Nat. Bank*, 677 F.2d 1074 (5th Cir. 1982); *Dallas-Fort Worth Regional Airport Board v. Combustion Equipment Associates, Inc.*, 623 F.2d 1032 (5th Cir.1980), recognized that the availability of statutory prejudgment interest in no way foreclosed an award of equitable prejudgment interest. As we stated in *Dallas-Fort Worth:*

> Texas caselaw clearly permits courts at their discretion to award equitable prejudgment interest. [citations omitted] If a court grants statutory prejudgment interest pursuant to section 1.03, then that section fixes the applicable rate at 6%. [citations omitted] If a court chooses to award equitable prejudgment interest, however, the proper rate is less clear.

623 F.2d at 1041. That the Supreme Court has in *Cavnar* drastically altered the standard by which equitable prejudgment interest is awarded should not affect the availability of equitable prejudgment interest *vis a vis* statutory prejudgment interest.

■ We agree with Crown that although *Cavnar* is on its face a personal injury case, it must be read to create a judicial scheme for the award of prejudgment in-

terest in all cases. Here the district court awarded Crown equitable prejudgment interest. Crown seeks statutory prejudgment interest merely as an alternative in the event its equitable award is reversed. The rule applicable to this case is then that stated by the *Cavnar* court: "a prevailing plaintiff may recover prejudgment interest compounded daily (based on a 365-day year) on damages that have accrued by the time of judgment." *Cavnar*, at 8. Accordingly, we agree with the district court's conclusion that Crown is entitled to prejudgment interest. There can be no doubt that Crown is a prevailing plaintiff and that its damages all accrued prior to the time of judgment.

■ There remains to be resolved the question of whether the district court was correct in awarding Crown prejudgment interest at 15%. Prior to *Cavnar*, selecting the appropriate rate of prejudgment interest was somewhat troublesome. Although the Texas case law was not entirely clear on the issue, we had determined that when awarding equitable prejudgment interest "any interest rate, in excess of that statutorily applicable, is within the trial court's discretion." *Dallas-Fort Worth*, 677 F.2d at 1074. In holding that "[p]rejudgment interest shall accrue at the prevailing rate that exists on the date the judgment is rendered according to the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 § 2 (Vernon Supp.1985)"[7] the *Cavnar* court has apparently removed that discretion from the trial court. Section 1.05 is the Texas postjudgment interest statute and follows the auction rate for 52-week treasury bills, provided that the rate cannot be

---

**6.** The language of this statute is provided at note 2.

**7.** Art. 5069–1.05 § 2 provides:

Except as provided in Section 1 of this article, all judgments of the courts of this state earn interest at the rate published by the consumer credit commissioner in the Texas Register. The consumer credit commission shall compute on the 15th day of each month the judgment interest rate by taking the auction rate quoted on a discount basis for 52-week treasury bills issued by the United States govern-

ment as published by the Federal Reserve Board on the most recent date preceding the date of computation. The interest rate so computed shall be the judgment rate, except that if the rate so computed is less than 10 percent, the judgment interest rate shall be 10 percent, and if it be more than 20 percent, the judgment interest shall be 20 percent. The rate established on that computation date shall be the interest rate on judgments for the next calendar month.

greater than 20% or less than 10%. Although it may appear somewhat odd that "equitable" prejudgment interest is pegged to a statutory rate, it must be remembered that the Supreme Court has created a new rule that supplants the original equitable prejudgment interest rule and favors the policies of restoring symmetry to the law and compensating all plaintiffs. The rule in *Cavnar* is a ground of recovery separate from section 1.03, even though it provides by reference a statutory rate of interest. The rule will apply where traditional equitable prejudgment interest has been awarded in the past. Accordingly, the appropriate rate of prejudgment interest in this case is provided by Section 1.05.

*IV. Date of Accrual*

■ The district court awarded Crown prejudgment interest from the date it filed its proofs of loss with National Union. The insurance policy, however, provides that

> [t]he amount of loss for which [National Union] may be liable shall be payable sixty (60) days after the proof of loss, as herein provided, is received by [National Union] and ascertainment of the loss is made either by agreement between the insured and [National Union] expressed in writing or by the filing with [National Union] of an award as herein provided.

National Union contends that the district court abused its discretion by awarding prejudgment interest from the date of the proofs of loss even though National Union was under no obligation to pay Crown until sixty days after that date. We agree. The district court in essence wrote a new contract of insurance providing that National Union is obligated to pay on the day Crown submits its proofs of loss. This was an abuse of discretion. *See, Fisch v. Transcontinental Insurance Company,* 356 S.W.2d 186, 192 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.). Although the *Cavnar* decision provides certain rules for the accrual of prejudgment interest, *Cavnar,* at 9, we are of the opinion that those rules are specifically limited to wrongful death, survival, and personal injury actions and should not operate to alter the parties' clear intent as expressed in the contract for insurance.

*V. Sufficiency of the Pleadings*

■ National Union contends that Texas law required Crown to specifically plead for equitable prejudgment interest. In its original complaint Crown asked for the sum of "($4,780,219.00) with interest at the legal rate ... and such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled." In a recent Texas prejudgment interest case we recognized that "while the substantive questions of entitlement to interest and the rates of interest are to be resolved by the applicable state law, the adequacy of a plaintiff's pleadings must be resolved by reference to Fed.R.Civ.P. 54(c)." *Consolidated Cigar Co. v. Texas Commerce Bank,* 749 F.2d 1169, 1174 (5th Cir.1985). Accordingly, we held that in diversity cases it is not necessary for the plaintiff to specifically plead prejudgment interest. *Id.* Under Rule 54(c) Crown's pleadings were sufficient to support its award of prejudgment interest.

CONCLUSION

For the aforementioned reasons we reverse the judgment of the district court and remand with instructions that the district court recalculate the award of prejudgment interest in accordance with this opinion and that of the Supreme Court of Texas in *Cavnar.* Prejudgment interest should accrue from a date sixty days after Crown filed its proofs of loss and at the rate provided by Section 1.05.