Robert J. BOWERS, et al.,
Plaintiffs-Appellees,
Cross-Appellants,

v.

The FIRESTONE TIRE & RUBBER
CO., et al., Defendants,

The Budd Company,
Defendant-Appellant,
Cross-Appellee.

No. 85-1393.

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1986.

R. Brent Cooper, Cowles & Thompson, Michael W. Huddleston, Sudie Thompson, Dallas, Tex., for defendant-appellant.

Kevin J. Keith, Bailey & Williams, M. Kenneth Patterson, Dallas, Tex., for plaintiffs-appellees.

Before WISDOM, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiffs Robert J. and Christy L. Bowers brought this products liability suit against Firestone Tire & Rubber Company ("Firestone"), General Motors Corporation ("General Motors"), and The Budd Company ("Budd"). The district court entered judgment in favor of the plaintiffs. Defendants Firestone and General Motors settled with plaintiffs, leaving only defendant Budd, who brought this appeal. On appeal, Budd challenges the sufficiency of the evidence to sustain the jury's verdict and the jury instructions. We reject these challenges. On cross-appeal, plaintiffs contend that they are entitled to prejudgment interest under recent Texas authority. Finding merit in the cross-appeal, we remand the case for an award of prejudgment interest.

## I. BACKGROUND

During the second week of April in 1979, Wichita Falls, Texas, was ravaged by tornadoes that did extensive damage, including the widespread destruction of telephone and power lines. At that time, plaintiff Robert J. Bowers worked for, and was part owner of, a contractor who, pursuant to a contract with Southwestern Bell Telephone Company, sent Bowers and other employees to Wichita Falls to restore the city's power. Bowers operated a truck-mounted mechanical posthole digger.

On April 18, 1979, the posthole digger truck had a flat tire on one of its RH5° multi-piece wheels. Bowers took the truck to a temporary repair depot that had been set up behind the Southwestern Bell service center in Wichita Falls. Royal Tire Company had been hired by Southwestern Bell to repair the tires and vehicles in this emergency field depot. Two Royal Tire employees, Rufus Stegall and David Canada, were working at the repair yard when Bowers brought in his truck. The emergency repair yard was crowded; there were approximately a half dozen trucks which needed to be repaired and ten to fifteen people standing around the yard waiting for vehicles to be repaired. Apparently, all were anxious to get back to the emergency work at hand, and there was some degree of commotion in the yard on account of the urgency of the work. Workers talking in the yard, the repair activity, and a gasoline compressor engine created noise in the area.

Stegall dismantled the tire and wheel assembly on Bowers' truck, repaired the tire,

and reassembled the multi-piece wheel and tire. The assembled tire and wheel were then given to Canada to inflate partially and then mount on Bowers' truck before fully inflating it.

Bowers was standing near Canada. As Canada inflated the tire, the RH5° wheel explosively separated and struck Bowers in the face and head. Bowers' injuries included a skull fracture, memory impairment and brain damage, and numerous facial wounds and abrasions.

Bowers and his wife, Christy L. Bowers, filed a products liability suit against defendants. The jury determined that the RH5° wheel assembly had been defectively designed by Firestone, was in an unreasonably dangerous and legally defective condition when sold by The Budd Company to General Motors, and was thereafter distributed in that condition by General Motors.

In response to special issues, the jury found that plaintiff Bowers failed to keep a proper lookout for his own safety but that such conduct did not constitute contributory negligence.[1] The district court entered judgment in favor of plaintiffs for the full amount of their damages as found by the jury. The plaintiffs' judgment was not reduced by any contributory negligence on Bowers' part since the jury found none. The district court denied defendant Budd's motions for judgment notwithstanding the verdict and for new trial.

## II. JURY VERDICT AND INSTRUCTIONS

On appeal, The Budd Company contends that the district court erred in failing to find contributory negligence as a matter of law. Alternatively, Budd contends that the district court's jury instructions warrant a new trial.

### A. Sufficiency of the Evidence

■ Defendant Budd's central contention on appeal is that the jury's finding of no contributory negligence by plaintiff Robert J. Bowers is not supported by the evidence. Budd contends that contributory negligence was established as a matter of law or, alternatively, that the jury's finding of no contributory negligence is against the great weight of the evidence, necessitating a new trial. As the standard for granting a new trial is less onerous than that for establishing a proposition as a matter of law, see Shows v. Jamison Bedding, Inc., 671 F.2d 927, 930 (5th Cir.1982), we proceed to examine whether the jury's finding is against the great weight of the evidence.

At the outset, we note the great deference that this Court exercises in reviewing a denial of a motion for new trial based on the jury's verdict. In Shows, this Court noted, "The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and reversible only for an abuse of that discretion." Id. at 930. Further, the Court has emphasized that review is more deferential when the trial court upholds the jury's verdict:

When the trial judge has refused to disturb a jury verdict, all the factors that govern our review of his decision favor affirmance. Deference to the trial judge, who has had an opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record, operates in harmony with deference to the jury's determination of the weight of the evidence and the constitutional allocation to the jury of questions of fact.

Id. Moreover, in order to grant a motion for new trial, the trial judge "must be convinced that the verdict is against the great weight of the evidence." Id. (emphasis original). In short, "[t]he 'great weight of the evidence' standard is not easily met." Id. at 931.

---

1. In response to a special issue regarding the comparative causation of plaintiff Robert J. Bowers' injuries, the jury found that Bowers' acts had contributed 25% of his injuries. The district court harmonized the jury's verdict by striking the 25% attributed to Bowers and reallocating the portion of fault among the three defendants (i.e., Budd, Firestone, and General Motors). On appeal, defendant Budd does not contend that the trial judge acted improperly in reconciling the jury's apparently inconsistent answers.

With this deferential standard of review in mind, the Court turns to the record in the instant case. Texas incorporates the common law standard of contributory negligence, i.e., the failure to use ordinary care to do that which a person of ordinary prudence would have done under the same or similar circumstances. *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 520 (Tex. 1978). "[W]here a person has knowledge, actual or imputed, of a defect, a question of fact as to negligence is presented unless it can be said, as a matter of law, that a person of ordinary care would not have incurred the risk." *Id.* (citing *McAfee v. Travis Gas Corp.*, 137 Tex. 314, 153 S.W.2d 442, 447 (1941)). Defendant Budd contends that plaintiff Robert J. Bowers had knowledge of the danger of standing near the wheel during the assembly and reinflation process. Defendant Budd concludes that Bowers' conduct in standing near the wheel with such knowledge establishes that the jury's finding of no contributory negligence is against the great weight of the evidence.

Exercising the appropriate review of the trial court's denial of a motion for new trial, Budd's characterization of the record cannot be accepted. Rather, the record contains conflicting evidence on the degree of Bowers' knowledge of the danger and the reasonableness of his conduct. While on the one hand Bowers stated that he had heard of tire explosion accidents occurring while the tires were under repair, he also stated that he was unaware of, and had no specific prior information about, the propensity of multi-section wheels to separate explosively with dangerous consequences for bystanders. Bowers also admitted that he had been warned in the past of the dangers of exploding wheels, but he also stated that although he knew "tires" could explode during repair, he was not aware of any great degree of danger therefrom.[2]

David Canada testified that he warned Bowers to stand back because the wheel might blow apart while he was inflating it. This was contradicted by Canada's own deposition testimony, as brought out at trial, in which Canada stated that he and Bowers had talked only about the proper amount of tire pressure and that he had not requested Bowers to stand back because of the dangerousness of the procedure. Moreover, Canada admitted under cross-examination at trial that because of the noise and general commotion in the area, he could not know whether Bowers actually heard the alleged warning. There is also record evidence to indicate that Bowers (and others) had been working fourteen to fifteen hours a day during this crisis. The jury may well have properly balanced this consideration in making its determination that under all the circumstances (including any possible warnings that may have been heard or not heard, the harried employees, and the emergency or crisis atmosphere of the repair yard), plaintiff's behavior was not unreasonable.

In short, it cannot be said that the trial court abused its discretion in denying Budd's motion for new trial. Further, and for similar reasons, defendant Budd fails to persuade that it established Bowers' contributory negligence as a matter of law.

B. Form of Special Issues

■ Defendant Budd contends that the district court abused its discretion in the form of the special issues submitted to the jury regarding Bowers' alleged contributory negligence. *See* Fed.R.Civ.P. 49. Federal Rule of Civil Procedure 49(a) gives a trial judge the discretionary authority to use special verdicts in submitting a case to the jury. The trial court also has discretion over the nature, form, and scope of the issues submitted to the jury. This discretion is reviewable only for abuse. *Bryan*

---

**2.** Somewhat contradictorily, Bowers also said that he knew to stand back from tires under repair because of the danger. As part of the total circumstances which the jury must have taken into consideration, we note that there was testimony at trial that Bowers had suffered some degree of brain damage and memory impairment on account of the accident. The trier-of-fact was obviously in the ideal position to evaluate the conflicts in Bowers' testimony in view of this impairment to his memory.

*v. Cargill, Inc.*, 723 F.2d 1202, 1204 (5th Cir.1984) (citing *Loffland Brothers Co. v. Roberts*, 386 F.2d 540, 546 (5th Cir.1967), *cert. denied*, 389 U.S. 1040, 88 S.Ct. 778, 19 L.Ed.2d 830 (1968)). This Court has summarized the standards applied in exercising its appellate review of the district court's formulation of the special issues:

> [W]e have emphasized several factors in determining the adequacy of forms of special interrogatories: (i) whether, when read as a whole and in conjunction with the general charge the interrogatories adequately presented the contested issues to the jury, (ii) whether the submission of the issues to the jury was "fair," and (iii) whether the "ultimate questions of fact" were clearly submitted to the jury.

*Dreiling v. General Electric Co.*, 511 F.2d 768, 774 (5th Cir.1975) (citations omitted).

This Court has also stated that, while the judge must submit all material issues raised by the pleadings and evidence, the standard for review is not "academic perfection." *Miley v. Oppenheimer & Co.*, 637 F.2d 318, 332 (5th Cir.1981). The Court has explained:

> There is no doubt that a judge must clearly and properly instruct the jury with regard to the resolution of key issues in a given case. However, there is no basis for [appellant's] apparent assumption that because an issue is important to the outcome of a case, the jury must be instructed to supply a specific answer informing the court how they resolved that one issue. No party is entitled to a special verdict on each of the multi-faceted, multitudinous issues essential to the resolution of a given case.

*Miley*, 637 F.2d at 334. *See also Bryan*, 723 F.2d at 1204.

In the instant case, Special Issue No. 17 asked the jury: "Do you find from a preponderance of the evidence that on the occasion in question Robert J. Bowers failed to keep a proper lookout for his own safety?" The jury answered "yes," and then was instructed to proceed to the next question, Special Issue No. 18: "Do you find from a preponderance of the evidence that such conduct was negligence?" The jury answered "no." The district court denied Defendant Question 19, which asked the jury whether plaintiff Robert J. Bowers "failed to heed the warnings given to him."

Viewed within the perimeters of appellate review outlined above, it cannot be said that the district court's denial of the requested question was an abuse of discretion. When read in conjunction with the trial judge's instructions, the special interrogatories as given fairly submitted to the jury the contested issues and defendant Budd's defense of contributory negligence. We see no reversible error in the trial court's action.

## III. PREJUDGMENT INTEREST

On cross-appeal, plaintiffs contend that they are entitled to prejudgment interest under the recent opinion by the Supreme Court of Texas in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). Prior to the Texas Supreme Court's decision in *Cavnar*, prejudgment interest was not recoverable in Texas in personal injury actions such as the case at bar. *See Cavnar*, 696 S.W.2d at 554; *Crown Central Petroleum Corp. v. National Union Fire Insurance Co.*, 768 F.2d 632, 634 (5th Cir.1985). *Cavnar*'s break with prior Texas law was decided on June 5, 1985, approximately one month after judgment was entered in the instant case. Nevertheless, *Cavnar* specifically provides that its new rule "applies to all future cases as well as those still in the judicial process involving ... personal injury actions." 696 S.W.2d at 556. Thus, *Cavnar*'s change of prior Texas law applies to the instant case even though judgment was entered prior to the *Cavnar* decision.

Defendant Budd, however, urges that plaintiffs waived any right to prejudgment interest by failing to specifically request such relief in their pleadings. Alternatively, Budd contends that the issue may not be raised for the first time on appeal.

We must reject Budd's contention regarding the adequacy of the plaintiffs Bow-

ers' pleadings. Defendant Budd relies on a host of Texas cases regarding the adequacy of the pleadings under Texas rules of procedure. *See, e.g., Bilderback v. Priestley,* 709 S.W.2d 736 (Tex.App. San Antonio 1986, no writ). While substantive questions of the entitlement to interest are resolved by applying the relevant state authorities, the adequacy of the pleadings must be resolved through the guidance of the Federal Rules of Civil Procedure. *See, e.g., Consolidated Cigar Co. v. Texas Commerce Bank,* 749 F.2d 1169, 1174 (5th Cir.1985). While plaintiffs here asked only generally for "such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled," Record Vol. I at 4, this Court, specifically in the *Cavnar* context, has held "that in diversity cases it is not necessary for the plaintiff to specifically plead prejudgment interest." *Crown Central,* 768 F.2d at 638. *See also Consolidated Cigar,* 749 F.2d at 1174. Accordingly, we reject Budd's contention that the pleadings are inadequate under the federal rules to sustain an award of prejudgment interest. *See also City of North Kansas City v. Sharp,* 414 F.2d 359, 369 (8th Cir.1969) (Blackmun, J.).

■ Further, we see no merit to defendant Budd's contention that the argument cannot be raised on this appeal. In light of the Texas Supreme Court's change of prior case law, as well as its specific direction that *Cavnar* applies to all cases "still in the judicial process," we believe the case an appropriate one for the awarding of prejudgment interest. No further factfinding appears to be required, and the question presented is purely one of law. Accordingly, we remand the case to the district court for an award of prejudgment interest in accordance with *Cavnar.*

## IV. CONCLUSION

Accordingly, the judgment in favor of plaintiffs Robert J. and Christy L. Bowers is affirmed on the merits. The judgment is vacated to the extent of allowing the plaintiffs prejudgment interest in accordance with *Cavnar.*

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.