**Joe E. WOOD, Plaintiff-Appellee,**

v.

**ARMCO, INC., Defendant-Appellant.**

**No. 86–2500.**

United States Court of Appeals, Fifth Circuit.

April 10, 1987.

---

Donald H. Flanary, Jr., Henderson, Bryant & Wolfe, Sherman, Tex., for defendant-appellant.

Bryce J. Denny, Peter K. Munson, Munson, Munson, Hynds, Gordon & Pierce, Sherman, Tex., for plaintiff-appellee.

Before POLITZ, JOHNSON, and DAVIS, Circuit Judges:

JOHNSON, Circuit Judge:

Defendant Armco, Inc., appeals from the district court's judgment in favor of plaintiff Joe E. Wood, which included an award of prejudgment interest. We affirm.

## I. *Facts and Procedural History*

Plaintiff Joe E. Wood had been working in Egypt for the erection division of the defendant Armco, Inc. He returned to the United States in September 1981. After his return, Wood performed various tasks for Armco, including the assembly of a crew for an assignment in Nigeria that was to begin sometime in the following year.

In October 1981, Wood received an offer of employment from another firm in the business of erecting buildings. Wood consulted with Armco and learned that he would lose health and other benefits if he accepted the offer of employment. Wood then declined the offer. In June 1982, Wood received a letter from Armco informing Wood that Armco had placed him on lay-off status beginning in September 1981 and that his health and other benefits had been terminated.

Wood brought the instant action against Armco, asserting several claims, including a claim of fraudulent misrepresentation. The district court instructed the jury solely on the fraud claim. The jury found for Wood on the claim and fixed an amount that would compensate Wood for his loss of employment opportunity. Wood then moved the district court for prejudgment interest of ten percent, citing *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), and *Crown Central Petroleum Corp. v. National Union Fire Insurance Co.*, 768 F.2d 632 (5th Cir.1985). The district court entered judgment in accord with the jury's verdict and awarded prejudgment interest as Wood had requested. Armco appeals, arguing that the award of prejudgment interest was improper.

## II. *Discussion*

### A.

■ In *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552, 554 (Tex.1985), the Texas Supreme Court considered the "general principles of equity" governing prejudgment interest and

> h[e]ld that, as a matter of law, a prevailing plaintiff may recover prejudgment interest compounded daily (based on a 365–day year) on damages that have accrued by the time of judgment.... Prejudgment interest shall accrue at the prevailing rate that exists on the date judgment is rendered according to the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 § 2 [1]....

(Emphasis and footnotes omitted).[2]

In *Crown Central Petroleum Corp. v. National Union Fire Insurance Co.*, 768 F.2d 632, 634 (5th Cir.1985), this Court "conclude[d] that in *Cavnar* the Supreme Court of Texas announced for all cases a new rule regarding the availability and the rate of prejudgment interest."[3] The *Crown Central* Court noted that there is statutory provision for a lesser rate, six percent, of prejudgment interest in certain cases. *See* Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp.1987).[4] Nevertheless, the *Crown Central* Court concluded that the "rule in *Cavnar*," including its rate of interest borrowed from Article 5069–1.05, "is a ground of recovery separate from [Article 5069] 1.03." 768 F.2d at 638.

■ Armco argues that this Court should reconsider the *Crown Central* holding in light of the recent court of appeals decision in *Missouri-Kansas-Texas Railroad Co. v. Fiberglass Insulators*, 707 S.W.2d 943 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).[5] We perceive no conflict between the *Fiberglass Insulators* decision and the *Crown Central* decision as applied to the present case. Thus, the present case provides no occasion to decide whether *Fiberglass Insulators* calls for reconsideration of *Crown Central*.

There is broad language in the *Fiberglass Insulators* opinion indicating that an

---

**1.** Section 2 of Article 5069–1.05 provides:

> Except as provided in Section 1 [pertaining to judgments based on a contract providing for a specific rate of interest] of this article, all judgments of the courts of this state earn interest at the rate published by the consumer credit commissioner in the Texas Register. The consumer credit commissioner shall compute on the 15th day of each month the judgment interest rate by taking the auction rate quoted on a discount basis for 52–week treasury bills issued by the United States government as published by the Federal Reserve Board on the most recent date preceding the date of computation. The interest rate so computed shall be the judgment rate, except that if the rate so computed is less than 10 percent, the judgment interest rate shall be 10 percent, and if it be more than 20 percent, the judgment interest rate shall be 20 percent. The rate established on that computation date shall be the interest rate on judgments for the next calendar month.

Tex.Rev.Stat.Ann. art. 5069–1.05 sec. 2 (Vernon Supp.1987).

**2.** The parties and the district court have applied Texas law to Wood's fraud claim. We therefore assume that Texas law should apply in this diversity case. *See N.K. Parrish, Inc. v. Southwest Beef Indus. Corp.*, 638 F.2d 1366, 1370 n. 3 (5th Cir.), *cert. denied*, 454 U.S. 1047, 102 S.Ct. 587, 70 L.Ed.2d 488 (1981). Further, "the recovery of interest prior to the date of judgment as an element of damages is a substantive question controlled by [the] state law" governing the claim giving rise to the damages. *Colonial Refrigerated Transp., Inc. v. Mitchell*, 403 F.2d 541, 552 (5th Cir.1968); *see also Union Bank v. First Nat'l Bank*, 677 F.2d 1074, 1076 n. 3 (5th Cir. 1982).

**3.** *See also Crown Central*, 768 F.2d at 636 ("logic dictates that the [*Cavnar*] decision be read to create a new prejudgment interest rule for all cases"), 637 ("*Cavnar* ... must be read to create a judicial scheme for the award of prejudgment interest in all cases").

**4.** Article 5069–1.03 provides:

> When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

**5.** The decision of an intermediate appellate state court guides, but is not necessarily controlling upon, the federal court when determining what the applicable state law is. *See, e.g., Shelp v. National Sur. Corp.*, 333 F.2d 431, 438–39 (5th Cir.), *cert. denied*, 379 U.S. 945, 85 S.Ct. 439, 13 L.Ed.2d 543 (1964).

award of prejudgment interest under equitable principles should, in every kind of case (whether or not a case involving a contract with no specified rate of interest), follow the six percent rate of interest specified in Article 5069–1.03. 707 S.W.2d at 947. The holding seems narrower, however: When the case falls within the express terms of Article 5069–1.03, because it concerns "accounts [or] contracts" with "no specified rate of interest,"[6] then the award of prejudgment interest pursuant to equitable principles should follow the rate of interest specified in that Article. For that reason, apparently, the *Fiberglass Insulators* court stated, "We thus hold that in a *contract case with no agreed rate of interest,* prejudgment interest is limited to six percent by art. 5069–1.03." 707 S.W.2d at 948 (emphasis supplied).

The Texas Court of Appeals for Houston (1st District), the court that issued the *Fiberglass Insulators* opinion, has apparently read that opinion narrowly as well. In *Ralston Purina Co. v. Barkley Feed & Seed Co.,* 722 S.W.2d 431, 432–33, 435–36 (Tex.App.—Houston [1st Dist.] 1986, writ pending), a decision rendered after the *Fiberglass Insulators* decision, that same court held that prejudgment interest, at the rate specified in *Cavnar,* was recoverable in a strict tort liability and negligence action concerning lost profit and other damages.

■ As explained in section I of this opinion, Wood's recovery against Armco in the present case was based on a theory of common law fraud, which is a tort theory of recovery. *See Life Insurance Co. v. Murray Investment Co.,* 646 F.2d 224, 228–29 (5th Cir. Unit A), *petition for reh'g granted on other grounds,* 651 F.2d 1090 (5th Cir. Unit A 1981), *cert. denied,* 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). As a tort action, the present case falls without the terms of Article 5069–1.-03, and we therefore leave for another day the question whether *Fiberglass Insula-*

*tors* calls for reconsideration of *Crown Central.*

### B.

■ Armco also tends to argue that prejudgment interest could not be awarded under equitable principles because Armco did not delay trial or otherwise prevent resolution of the present action. Wood responds that Armco did in fact delay trial. Wood also argues that a showing of dilatory tactics on Armco's part was not a prerequisite to an award of prejudgment interest under equitable principles. We agree with this latter contention of Wood and do not reach the issue whether Armco engaged in dilatory conduct that delayed trial.

The Texas Supreme Court recently retraced the "policies underlying *Cavnar*":

Our decision [in *Cavnar*] was based on the equitable grounds that an injured party should be made whole. A plaintiff should be compensated for the defendant having the beneficial use of the damage funds between the time of the occurrence and judgment. Prejudgment interest is not intended to punish the defendant's misbehavior. It merely compensates the plaintiff for being denied the opportunity to invest and earn interest on the amount of damages.

*Matthews v. DeSoto,* 721 S.W.2d 286, 287 (Tex.1986) (citations omitted). The *Matthews* case considered the question whether "a trial court may reduce or eliminate a plaintiff's prejudgment interest award upon a finding that the plaintiff used dilatory tactics in bad faith to prevent resolution of the lawsuit." *Id.* at 286. Nevertheless, in light of the policies underlying *Cavnar,* the *Matthews* court stated broadly, "The approach we adopted [in *Cavnar*] provides the trial court no discretion to lessen or increase the interest amount for delays caused *by either party.*" *Id.* at 287 (emphasis supplied). That statement requires the rejection of the Armco contention considered here.[7]

---

6. *Supra* note 4.

7. We note that, in addition to "the equitable grounds that an injured party should be made

whole," *Matthews,* 721 S.W.2d at 287, an award of prejudgment interest advances other equities as well regardless of the absence of dilatory

## C.

Armco also contends that the award of prejudgment interest was in violation of the Local Court Rules of the United States District Court for the Eastern District of Texas.

██ In his complaint, Wood prayed for judgment and "for interest from the date due, and for all other relief, both in equity and at law to which he may be entitled." Armco makes no argument that Wood's prayer for interest was inadequately pleaded, *see generally Bowers v. Firestone Tire & Rubber Co.*, 800 F.2d 474, 478–79 (5th Cir.1986); *Crown Central*, 768 F.2d at 638; *Consolidated Cigar Co. v. Texas Commerce Bank*, 749 F.2d 1169, 1174–75 (5th Cir.1985), and we, accordingly, express no opinion upon the adequacy of Wood's pleadings. Armco argues, instead, that Texas law has treated an award of prejudgment interest under equitable principles as an element of damages and that Wood should have included prejudgment interest in the itemized statement of special damages submitted by the parties for incorporation in the district court's final pretrial order.[8]

Armco further argues that Wood failed to seek an amendment or modification of the pretrial order to include prejudgment interest. We disagree with this latter factual assertion of Armco. The transcript of a hearing on April 3, 1986, before the district court shows that Wood, by his attorney, made an oral request to the district court to modify the pretrial order to include prejudgment interest. By awarding prejudgment interest in its later judgment, the district court, through its action if not expressly, granted Wood's request to modify the pretrial order. The pretrial order clearly provides that it may be modified "to prevent manifest injustice ... either on application of counsel for the parties or by the Court, *sua sponte.*" Armco does not contend that modification was unwarranted under this provision of the pretrial order.[9] Although Armco tends to argue that there has been some violation of the Eastern District's Local Court Rules, it cites no specific rule to this Court. We have nonetheless examined the Local Court Rules and conclude that they did not prevent the district court from granting Wood's request to modify the pretrial order.[10]

tactics: "For instance, the defendant's acts required the plaintiff to pursue his rights in a court of law in the first instance. Also, ... prejudgment interest will have the beneficial collateral effect of expediting the trying and settling of cases." *City of Houston v. Wolfe*, 712 S.W.2d 228, 230 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd).

8. We note that the *Cavnar* opinion stated that "the distinction between interest as damages and interest as interest [had been] abolished" and that "prejudgment interest is recoverable regardless of whether it is characterized as damages or as interest." *Cavnar*, 696 S.W.2d at 553. Wood has not argued that his request for prejudgment interest should be considered a request for interest as interest and thus beyond the terms of the pretrial order's statement of special damages. For this reason and because Armco's argument here must in any case be rejected, we accept, for the purposes of our analysis, Armco's premise that Wood's request for prejudgment interest should have been included in the pretrial order's statement of damages. Further, we do not disagree with Armco's implicit premise that the statement of damages is an exclusive listing of damages sought.

9. Federal Rule of Civil Procedure 16(e) contains a similar provision: "The order following a fi-

nal pretrial conference shall be modified only to prevent manifest injustice." Again, Armco makes no argument that the district court violated Rule 16(e) in modifying the final pretrial order.

In *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir.1972), the Court stated:

The trial judge is vested with broad discretion to preserve the integrity and purpose of a pretrial order. Basically, these orders and stipulations, freely and fairly entered into, are not to be set aside except to avoid manifest injustice. Fed.R.Civ.P. 16. However, in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.

We note that, if the question were before this Court, there is no apparent basis under *Sherman* and similar cases for holding that the district court abused its discretion under Federal Rule of Civil Procedure 16(e) in granting Wood's request for modification of the pretrial order.

10. Armco also tends to argue that there has been some violation of the Standing Order Re-

### III. *Conclusion*

We have considered Armco's remaining contentions and found them to be without merit. For the foregoing reasons, the judgment of the district court is

AFFIRMED.

garding Final Pre-Trial Conferences in Judge Justice's Court. The Standing Order appears to govern in civil actions over which Chief Judge Justice presides. In the present action, Judge Brown, not Chief Judge Justice, was presiding. Armco represents, however, that Judge Brown instructed counsel to follow the Standing Order.

Here, too, however, Armco cites no particular provision of the Standing Order to this Court. We have nonetheless examined the Standing Order and conclude that the Standing Order, assuming its applicability to the present action, did not prevent the district court from granting Wood's request to modify the pretrial order.