Robert J. **BOWERS** and Christy L. **Bowers, Plaintiffs-Appellants,**

v.

The **FIRESTONE TIRE & RUBBER CO.,** et al., Defendants, The Budd Company, Defendant-Appellee.

No. 87–1357
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1987.

ty suit. They contend that the district court erred when it failed to hold the defendant, the Budd Company, jointly and severally liable for interest on the entire judgment. Instead the district court deducted the percentage of the jury award owed by two settling codefendants, Firestone Tire and Rubber Company and General Motors, before computing prejudgment interest. The appellants urge this court to impose prejudgment interest for all awarded damages upon the only remaining tortfeasor. We reject their argument and affirm the ruling of the district court.

Kevin J. Keith, Bailey & Williams, Dallas, Tex., for plaintiffs-appellants.

R. Brent Cooper, Michael W. Huddleston, Cowles & Thompson, Dallas, Tex., Thomas P. Schult, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., for defendant-appellee.

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

Robert J. Bowers and Christy L. Bowers appeal a final judgment on the award of prejudgment interest in this product liabili-

I

The appellants, Robert and Christy Bowers ("Bowers"), filed this products liability action against the Budd Company ("Budd"), Firestone Tire and Rubber Company ("Firestone"), and General Motors Corporation ("GM"), for personal injuries suffered by Robert Bowers when a split-rim wheel separated under pressure and hit him in the head. The jury returned a verdict for the Bowers and assessed liability at fifty percent to Firestone, twelve and one-half percent to Budd, twelve and one-half percent to GM, and twenty-five percent to Robert Bowers. Because the jury stated in its answers to special interrogatories that Robert Bowers was not contributorily negligent, the district court disregarded the amount of liability assessed against him and imposed liability proportionally on the three defendants (sixty-six and two-thirds, sixteen and two-thirds, and sixteen and two-thirds to Firestone, Budd and GM, respectively) for a total judgment of $344,472.18.

Firestone and GM settled with the Bowers in lieu of an appeal. Their agreement released Firestone and GM from all liability in return for the sum of $347,060.15.

On June 17, 1985, Budd appealed the district court's judgment to this court. Shortly thereafter, the Texas Supreme Court issued its opinion in *Cavnar v. Quality Control,* 696 S.W.2d 549 (Tex.1985), overturning previous law to allow prejudgment interest in personal injury cases. Accordingly, the Bowers filed a cross-appeal,

seeking prejudgment interest on the entire amount of the judgment.

This court affirmed the district court's division of liability, including the judgment against Budd, but vacated and remanded the case to allow the district court to determine an award of prejudgment interest. *Bowers v. Budd*, 800 F.2d 474 (5th Cir. 1986). As we explained, "*Cavnar* specifically provides that its new rule 'applies to all future cases as well as those still in the judicial process involving ... personal injury actions.' 696 S.W.2d at 556. Thus *Cavnar*'s change of prior Texas law applies to the instant case even though judgment was entered prior to the *Cavnar* decision." 800 F.2d at 478.

On remand, the Bowers requested prejudgment interest of $56,030.03, to be assessed either against Budd alone or against all three defendants, jointly and severally. The Bowers arrived at this figure by computing interest on the entire amount of damages.

Instead, the district court, as urged by Budd, calculated interest on only sixteen and two-thirds percent of the original judgment (the percentage liability attributed to Budd) and awarded interest of $7,130.27 against Budd. The Bowers challenge that finding.

## II

The Bowers urge this court to award prejudgment interest for the entire amount of the original judgment against Budd, either as sole defendant or jointly and severally. The Bowers argue that Budd was required to preserve its right to contribution and indemnification, and that as plaintiffs, the Bowers are entitled to collect prejudgment interest on the entire judgment from any available defendant regardless of the rights between codefendants.

The Bowers' argument fails, however, because it does not take into account the effect of their settlement with Firestone and GM. Settlement between a plaintiff and any tortfeasor in a multiple liability case (1) releases that tortfeasor from all potential liability (unless otherwise agreed) and (2) reduces by a percentage amount the potential joint and several liability of the remaining tortfeasors. The remaining tortfeasor is entitled to a percentage reduction of the judgment regardless of whether the other tortfeasors remain as parties in the suit. The plaintiff may collect on only that percentage of the judgment or liability remaining in the suit. The Bowers lost the right to claim prejudgment interest against Firestone and GM when they signed the settlement agreement.

The contract between Bowers, Firestone and GM is unmistakably clear on this issue. In fact, this four-page, thirteen-paragraph document makes at least six separate references to the fact that "the payment being herein made and mentioned above is consideration for the release of all claims of any nature now known and existing or which might exist in the future whether now known or unknown." Under the terms of this agreement, therefore, it is immaterial whether the Bowers were aware at the time of settlement that they might eventually be entitled to prejudgment interest. The Bowers may not now claim a right that they voluntarily relinquished for proper consideration and in arms-length negotiation.[1]

*Cavnar*, by its express terms, applies to "suits within the judicial process," at the time of the decision, and we cannot extend its holding beyond that. Prejudgment interest cannot be assessed against the sev-

---

1. In the alternative, the Bowers argue that Tex. Civ.Code § 2212 (now Tex.Civ.Prac.Code § 32.-001 *et seq.*), not *Duncan v. Cessna*, 665 S.W.2d 414 (Tex.1984), should apply. *Duncan* was the first case to impose percentage-share reduction for the liability of codefendants in cases based on tort theories other than negligence. Section 2212 uses a fractional reduction divided by the number of tortfeasors rather than their liability share. The Bowers argue that *Duncan* does not apply to strict liability issues. According to the Bowers, therefore, even if the defendants are entitled to a reduction in liability, Budd's share would be one-third of the whole, not sixteen and two-thirds percent of it. The Bowers misread the holding of *Duncan*, however. It specifically states that percentage reduction should apply to strict liability and limits section 2212 to cases in which "the plaintiff alleges only negligence or where the plaintiff fails to obtain findings of [strict liability]." 665 S.W.2d at 429.

enty-three-and-one-third percent of the award because that part of the judgment, having been finally and completely settled, is, quite literally, no longer in the judicial process.

Finally, both the Bowers and Budd note that the district court erred in its calculation of percentage interest. According to both parties, the correct figure for prejudgment interest, using the district court's method of calculation, should be $9,185.25, not $7,130.27 as assessed by the trial court. We assume that this was a clerical error and accordingly adjust the award to make it mathematically correct.

In conclusion, we hold that by settling with Firestone and GM, the Bowers released all claims for prejudgment interest on their portion of the judgment. Budd was therefore entitled to a percentage reduction in its liability for prejudgment interest. We find no error, therefore, in the district court's method of calculating the prejudgment interest award, and adjust only to correct a clerical error in the amount of $2,054.98. The total amount of prejudgment interest is therefore adjusted from $7,130.27 to $9,185.25, and the judgment of the district court is otherwise

AFFIRMED AS MODIFIED.