**Bruce Wayne MATTHEWS, Petitioner,**

v.

**Barbara DeSOTO, Respondent.**

No. C–5809.

Supreme Court of Texas.

Nov. 26, 1986.

Barclay A. Manley, Roger Townsend, Scott Rothenberg, Fulbright & Jaworski, Houston, for petitioner.

Keith M. Fletcher, Simmons, Zwernemann, Hamilton & Fletcher, Houston, for respondent.

PER CURIAM.

This is a prejudgment interest case. The court of appeals stated that a trial court may reduce or eliminate a plaintiff's prejudgment interest award upon a finding that the plaintiff used dilatory tactics in bad faith to prevent resolution of the lawsuit. 714 S.W.2d 133.

In *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 554 (Tex.1985), we held that a prevailing plaintiff may recover prejudgment interest on damages that have accrued by the time of judgment. We reviewed various methods of determining the exact amount of prejudgment interest, including allowing the trial court to suspend interest in exceptional circumstances. *Id.* at 554, n. 4. The approach we adopted provides the trial court no discretion to lessen or increase the interest amount for delays caused by either party.

 The policies underlying *Cavnar* would not be advanced by giving the trial court discretion in determining the amount of prejudgment interest. Our decision was based on the equitable grounds that an injured party should be made whole. *Id.* at 554. A plaintiff should be compensated for the defendant having the beneficial use of the damage funds between the time of the occurrence and judgment. *Id.* at 552. Prejudgment interest is not intended to punish the defendant's misbehavior. *Id.* at 555. It merely compensates the plaintiff for being denied the opportunity to invest and earn interest on the amount of damages. *Id.* at 552.

Matthews contends that allowing a reduction in prejudgment interest awards would further advance the important *Cavnar* policy of encouraging settlements. The policy of encouraging settlements is founded upon a desire by this Court to insure that an injured party is fairly and fully compensated and to conserve judicial resources. A dilatory penalty would not enhance full and fair compensation because the plaintiff is still deprived of the use of his funds for which he deserves full recompense. Additionally, trial court discretion with regard to prejudgment interest would further complicate the trial process and often require a trial within a trial on the issue of the plaintiff's possible dilatory conduct.

Finally, Matthews argues that we should create an equitable limitation on *Cavnar* to prevent plaintiffs from being rewarded for employing dilatory tactics. In *Cavnar*, we expressly observed that our prejudgment interest scheme does not create incentives for plaintiff delay. *Id.* at 554. Few if any plaintiffs would prefer to have defendants retain their funds in order to increase the amount of interest instead of obtaining the full compensation to which they are entitled as quickly as possible. In the event a plaintiff unnecessarily delays resolution of the case, the defendant has several tools to force the case to trial such as objecting to the granting of continuances, objecting to the passing of the case, and moving for a special trial setting. An equitable exception to *Cavnar* is not necessary at this time.

We disapprove the court of appeals language that a trial court has the discretion to reduce a plaintiff's prejudgment interest award. The application for writ of error is refused, no reversible error.