**Mohammad A. KARGAR, Appellant,**

v.

**Kristin M. SORRENTINO, Appellee.**

**No. C14–89–753–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 1990.

James R. Walker, Jr., Houston, for appellant.

Michael D. Inlow, Webster, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment awarding damages under TEX.BUS. & COM. CODE ANN. § 17.41 et seq., known as the Deceptive Trade Practices–Consumer Protection Act. ("DTPA"). Appellant brings four points of error asserting: (1) the granting of inconsistent remedies of actual damages in addition to rescission and restitution; (2) improper contract rescission; (3) improper award of lost wages; and (4) improper award of attorney's fees. We affirm as modified.

Appellant owned a used car lot in the Galleria area of Houston. One day in August 1985, the seventeen year-old appellee and her family visited the lot to shop for a car for her to drive to school and work. She contracted in writing to buy a 1984 Mazda for $3,800.00, with a time price differential of $407.40 and a down payment of $1,000.00. Payments were $300.00 per month. Appellee made six of the payments then defaulted after discovering the car had a "reconditioned" title[1] and an incurable front wheel alignment problem which caused severe tire wear. After six more months went by appellant repossessed the car. Meanwhile, appellee hired an attorney who sent a letter notice to appellant under provisions of the DTPA, making demands for restoration of excess charges to appellee and alleging:

(a) breach of implied/express warranty that the car was in original condition, not "reconditioned".

(b) appellant took advantage of the less knowledgeable teenager.

(c) failure to disclose information with intent to induce appellee to buy the car.

(d) representation that the car was in original condition when in fact it was "reconditioned".

Suit was filed June 23, 1986 and the case was tried to the court on January 26, 1989. Pertinent parts of the signed judgment are as follows:

The Court, after hearing the evidence and argument of counsel is of the opinion that Defendant violated the provisions of Section 17.50 of the Texas Business and Commerce Code, known as the Deceptive Trade Practices Act. Defendant by his acts and practices took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree to Plaintiff's detriment and resulted in a gross disparity between the value received and the consideration paid by Plaintiff. Defendant violated the Deceptive Trade Practices Act by Defendant's unconscionable conduct and therefore Plaintiff is entitled to recover pursuant to Section 17.50 of the Texas Deceptive Trade Practices Act the following:

| | |
|---|---|
| A. Actual damages (downpayment and car payments $2,800.00, tires $64.96 and lost wages $336.00) | $3,200.96 |
| B. Two times the first $1,000.00 | 2,000.00 |
| C. Total damages | $5,200.96 |
| D. Attorney's fees for preparation and trial of suit | $2,250.00 |
| E. Costs of Court | $ 95.00 |
| F. Attorney's fees for appeal to the Court of Appeals | $1,500.00 |
| G. Attorney's fees for appeal to the Supreme Court of Texas | $2,500.00 |

The court further finds that the contract between Plaintiff and Defendant dated August 3, 1985 is void and unenforceable.

There are no findings of facts or conclusions of law in the record. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1951). In determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature. *Id.* The judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984).

---

1. An expert witness testified that a car with a "reconditioned" title has been "totaled out completely" and that it would be "about worth ten cents on the dollar".

■ In point of error one, appellant complains of an award of both rescission (amounting to a restoration of the $2,800.00 paid for on the vehicle by appellee), and actual damages: $64.96 for new tires and $336.00 for lost wages. Appellant claims the remedies of rescission and actual damages are mutually exclusive, citing *David McDavid Pontiac, Inc. v. Nix,* 681 S.W.2d 831, 835 (Tex.App.—Dallas 1984, writ ref'd n.r.e.), and *Smith v. Kinslow,* 598 S.W.2d 910, 915 (Tex.App.—Dallas 1980, no writ), wherein it was held to be error for an award under DTPA to consist of both rescission/restitution and actual damages. We agree.

■ Appellee's petition shows she was an unmarried, seventeen-year old minor when she entered into a contract with appellant to buy the vehicle in question. The pleadings show appellant's lack of capacity and allege the contract is null and void, seeking rescission and restitution as well as additional allowable remedies under the DTPA. Testimony bears out the age of seventeen and that appellee showed her driver's license to appellant at the time of the purchase. Her age was shown on the driver's license. Her Texas driver's license number appears on the face of the motor vehicle contract signed by the parties at the time of sale, indicating the seller/appellant had notice of her lack of capacity due to minority.

In addition to failing to make payments, appellee otherwise affirmatively repudiated the contract. She testified she told appellant she wanted to "exchange the car back for our money". Under these circumstances, the whole transaction is deemed to have been nullified and void on both sides ab initio. *Gage v. Menczer,* 144 S.W. 717 (Tex. Civ.App.—Dallas 1912, no writ); *Jones v. Teat,* 57 S.W.2d 617, 620 (Tex.Civ.App.—Texarkana 1933, *affirmed* 126 Tex 480, 89 S.W.2d 987). The court below found the contract void and unenforceable. Appellant's repossession put the parties only partially back to where they stood at the beginning. A return of consideration to appellee would complete the rescission and restitution process.

The award of actual and consequential damages is erroneous. Such damages would not be payable under either a theory of lack of capacity to contract or under the DTPA. *See David McDavid Pontiac, Inc. v. Nix,* 681 S.W.2d at 835. Appellant's point of error one is sustained. We modify the judgment to delete actual damages for the cost of new tires and lost wages. Additionally, since an equitable remedy is provided and no common law damages are to be awarded, there is no basis for allowing "[t]wo times the first $1,000.00" of actual damages under TEX.BUS. & COM.CODE ANN. § 17.50(b)(1). *See American Transfer and Storage Co. v. Brown,* 584 S.W.2d 284 (Tex.Civ.App.—Dallas 1979, *rev'd on other grounds,* 601 S.W.2d 931), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980).

■ Appellant asserts the equitable remedy of rescission was unavailable to appellee because she failed to return the car. While restoration may be a normal prerequisite for rescission, when the transaction is void and a nullity there is no need for the infant to restore consideration. *Dial v. Martin,* 37 S.W.2d 166 (Tex.Civ.App.—Amarillo 1931, *rev'd on other grounds* (Tex.Comm'n App.1933) 57 S.W.2d 75). Alternatively, if the disaffirmance of the contract was created solely by the lawsuit brought by appellee, the consideration was by that time already in the hands of the seller and no tender was necessary. *Fulwiler Electric Co. v. Spann,* 252 S.W. 892 (Tex.Civ.App.—El Paso 1923, no writ); *Standard Motor Co. v. Stillians,* 1 S.W.2d 332 (Tex.Civ.App.—Beaumont 1927, writ dism'd). Appellant's point of error two is overruled.

Appellant's point of error three complains of the award of damages for lost wages. Consistent with our holding on point of error number one, appellant's third point of error is sustained.

■ Appellant argues the award of attorney's fees was error because there was no testimony to show a customary and reasonable rate per hour among similarly-situated attorneys in the community. Appellant also asserts the attorney who testi-

fied was not sworn in. On this latter point we note on the first page of the statement of facts that all witnesses were sworn by the court at the outset of trial. Further, appellant admits in his brief that no error was preserved by objection at trial. *See* TEX.R.APP.P. 52(a). As for the hourly fee testified to by the attorney for appellee being customary and reasonable, the amount of attorneys fees awarded is within the sound discretion of the trial court and should not be disturbed on appeal unless there is an abuse of discretion. *Pontiac v. Elliott*, 775 S.W.2d 395 (Tex.App.—Houston [1st Dist.] 1989, writ denied); *Brazos County Water Control v. Salvaggio*, 698 S.W.2d 173 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e). We find no abuse of discretion in the award of an hourly fee in the amount of $125 to a Houston lawyer in this type of case and we overrule appellant's final point of error.

The judgment of the trial court is modified by reducing the amount of recovery by $2,400.96. We deny recovery of $400.96 of actual damages, plus "[t]wo times the first $1,000.00," amounting to an additional $2,000.00. The judgment of the court below is affirmed in all other respects.