Gary W. MORGAN and Judy
B. Morgan, Appellants,

v.

EBBY HALLIDAY REAL ESTATE,
INC., Appellee.

No. 2–92–280–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 31, 1993.

Rehearing Overruled May 3, 1994.

Russell J. Bowman, Schell, Nicholas, Thompson, Beene & Vaughan, L.L.P., Dallas, for appellants.

J. Kent Newsom, Newsom, Terry & Newsom, Dallas, for appellee.

Before FARRIS, WEAVER and LATTIMORE, JJ.

## OPINION

WEAVER, Justice.

This limited appeal arises from a lawsuit brought by appellants under the Deceptive Trade Practices Act ("DTPA"), and presents two issues for consideration. The first issue deals with the proper calculation of prejudgment interest, and the second involves the proper award of attorney's fees.

Following a jury trial in which a verdict was returned in favor of appellants, the trial court entered a judgment awarding appellants prejudgment interest under TEX.REV. CIV.STAT.ANN. art. 5069–1.05 (Vernon Supp. 1993). The judgment also awarded appellants $20,000 in attorney's fees, apparently based upon a stipulation by the parties that a one-third contingency fee would be reasonable. Appellants filed a Motion to Modify or Correct Judgment with respect to the amount of prejudgment interest and attorney's fees, and this motion was denied.

By this appeal, appellants attack the trial court's judgment as to the amount of prejudgment interest and attorney's fees awarded. With respect to the amount of prejudgment interest, we reverse and remand this case to the trial court for the proper calculation of prejudgment interest. With respect

to the amount of attorney's fees awarded, we reverse the decision of the trial court and render judgment in favor of appellants.

On April 23, 1986, appellants purchased a house located in Lewisville, Texas. Appellee was the real estate broker who had the sales listing on the house at the time it was purchased by appellants. Shortly after the purchase of the home, appellants discovered that its construction was defective in that there would be leakage of water into the house during the course of any significant rainfall. On November 21, 1986, appellants sent notice of the claims and complaints they had against appellee, and on April 9, 1987, appellants filed suit under the DTPA.

The limited record before us reflects little, if any, activity in the case for the next two years. On June 8, 1989, the trial court notified counsel for appellants that the case would be dismissed for want of prosecution if no disposition was made prior to July 11, 1989. The case was apparently set for August 8, 1989, but did not proceed to trial because appellants filed their first motion for continuance on August 7, 1989.

Appellants filed at least three more motions for continuance between October 27, 1989, and December 5, 1991. During this time period, appellants changed attorneys two different times, allegedly because they were unsatisfied that their first two attorneys were not working to move their case forward. The record does reflect the relative inactivity on this case during the time appellants were represented by their first two attorneys, and appellants first set of requests for admissions was not filed until February 27, 1991, after appellants had hired their third attorney.

During this time period, the record does not reflect that appellee pushed for the trial to go forward, and there is no indication appellee objected to any of the motions for continuance. In fact, on at least one occasion it appears appellee's counsel stated he did not oppose the motion so long as the continuance was for a time greater than ninety (90) days. Also, on April 8, 1991, appellee filed a plea in abatement contending appellants' first notice letter, sent over four years earlier on November 21, 1986, was not sufficient to

comply with the DTPA. The trial court granted the plea in abatement and the case was abated for sixty (60) days to give appellants an opportunity to send proper notice. Thus, it does not appear from this record that either party was in any hurry to dispose of this case.

Trial began on June 8, 1992. The jury found appellee engaged in a false, misleading, or deceptive act or practice, and that appellee engaged in such conduct knowingly. The jury awarded appellants $40,000 in actual damages, and an additional $20,000 as a result of appellee's knowing conduct.

In their Motion for Judgment, appellants sought recovery of prejudgment interest in the amount of $20,164.80, relying on TEX.REV. CIV.STAT.ANN. art. 5069–1.05 as authority to support such an award. Under this statute, "prejudgment interest accrues on the amount of the judgment during the period beginning on the 180th day after the date the defendant receives written notice of a claim or on the day the suit is filed, whichever occurs first, and ending on the day preceding the date judgment is rendered." TEX.REV.CIV.STAT. ANN. art. 5069–1.05 § 6(a) (Vernon Supp. 1993). Accordingly, appellants asserted that prejudgment interest in the present case would begin accruing May 27, 1987, 180 days after their first written notice was received by appellee on November 28, 1986. Appellants' Motion for Judgment also sought recovery of $50,000 in attorney's fees.

Appellee contested the amount of prejudgment interest sought by appellants in its response to appellants' Motion for Judgment. Appellee argued that section 6 of article 5069–1.05 did not become effective until September of 1987, and since this suit was filed on April 9, 1987, that statute was not applicable to this suit. Appellee further argued that if the court did award prejudgment interest, it should be calculated from the date of appellants' second demand or notice letter. Appellee also contested appellants' request for $50,000 in attorney's fees.

The trial court entered its judgment on July 28, 1992, and awarded appellants prejudgment interest at the rate of 10% per annum calculated from January 10, 1992, in the per diem amount of $10.96 to the date of the judgment. In reaching its decision, the court apparently relied on article 5069–1.05 and used the date of the second notice as the starting date for calculation of prejudgment interest. The court also awarded appellants $20,000 as a reasonable attorney fee incurred through trial.

On August 7, 1992, appellants filed a Motion to Modify or Correct Judgment. In this motion, appellants reversed their previous position and argued that article 5069–1.05 did not apply to this case. In support of this position, appellants pointed out that section 6 of that statute, which provides for prejudgment interest, did not become effective until September of 1987. Since this lawsuit was commenced on April 9, 1987, appellants argued the statute did not apply, and that they were entitled to prejudgment interest under *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), the controlling law on prejudgment interest prior to the addition of section 6 to article 5069–1.05.

Appellants' Motion to Modify or Correct Judgment also alleged they were entitled to $50,000 in attorney's fees, rather than the $20,000 awarded by the trial court. The court denied the motion, and appellants subsequently perfected this appeal.

■ In their first point of error, appellants contend the trial court erred in denying their Motion to Modify or Correct Judgment and failing to award prejudgment interest under *Cavnar*. We agree.

In *Cavnar*, the Texas Supreme Court held that a prevailing plaintiff in a personal injury case may recover prejudgment interest compounded daily on damages that have accrued by the time of judgment. *Cavnar*, 696 S.W.2d at 553–54. *Cavnar* does not allow recovery of prejudgment interest on exemplary damages. *See id.* at 555–56.

Although *Cavnar* involved a personal injury action, its reasoning and holding have been applied to all types of suits, including DTPA actions. *See McCann v. Brown*, 725 S.W.2d 822, 825–26 (Tex.App.—Fort Worth 1987, no writ); *Quintero v. Jim Walter Homes, Inc.*, 709 S.W.2d 225, 230–31 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.).

Thus, *Cavnar* prejudgment interest applies to this case unless article 5069–1.05 governs this issue.

In 1987, the Texas Legislature amended article 5069–1.05 to add a section dealing with prejudgment interest. *See* TEX.REV.CIV. STAT.ANN. art. 5069–1.05, § 6 (Vernon Supp. 1993). This section codified, modified, and overturned portions of *Cavnar*. *Sisters of Charity v. Dunsmoor*, 832 S.W.2d 112, 115 (Tex.App.—Austin 1992, writ denied). However, the amendment adding section 6 was not effective until September 2, 1987. Any action commenced before this date is governed by the applicable law in effect before the effective date of the amendment. TEX. REV.CIV.STAT.ANN. art. 5069–1.05 historical note (Vernon Supp.1993) [Act of Sept. 2, 1987, 70th Leg., 1st C.S., ch. 3, § 1, 1987 Tex.Gen.Laws. 51, 52]. The law in effect prior to the effective date of section 6 was *Cavnar*, and since appellants filed this suit on April 9, 1987, prior to the effective date of the amendment, *Cavnar* is controlling on the issue of prejudgment interest. *See Granite Const. Co. v. Mendoza*, 816 S.W.2d 756, 766 (Tex.App.—Dallas 1991, no writ) (holding plaintiff could not recover prejudgment interest on exemplary damages because suit was filed on April 16, 1987, and thus governed by *Cavnar* and not article 5069–1.05); *O'Reilly v. Grafham*, 797 S.W.2d 399, 401 (Tex.App.— Austin 1990, no writ) (holding that prejudgment interest in suit filed before September 2, 1987, not governed by article 5069–1.05, section 6).

Appellee agrees that article 5069–1.05 is inapplicable with respect to the award of prejudgment interest in the present case. However, appellee urges this court to apply an equitable exception to *Cavnar* and uphold the trial court's judgment because of delay caused by appellants.

The Texas Supreme Court has previously considered and rejected this argument in *Matthews v. DeSoto*, 721 S.W.2d 286 (Tex. 1986). In *Matthews* the Court of Appeals for the First District had stated that a trial court could reduce or eliminate a prejudgment interest award upon a finding the plaintiff had used dilatory tactics in bad faith to prevent resolution of the lawsuit. *Id.* at 286. In

disapproving of this language, the supreme court stated:

A plaintiff should be compensated for the defendant having the beneficial use of the damage funds between the time of the occurrence and judgment.... Prejudgment interest is not intended to punish the defendant's misbehavior.... It merely compensates the plaintiff for being denied the opportunity to invest and earn interest on the amount of damages.

*Id.* at 287 (citations omitted). The supreme court went on to note that "[a] dilatory penalty would not enhance full and fair compensation because the plaintiff is still deprived of the use of his funds for which he deserves full recompense." *Id.*

The supreme court also pointed out that a defendant has several tools to force a case to trial if a plaintiff is unnecessarily delaying resolution of the case. A defendant could object to the granting of continuances, object to the passing of the case, and move for a special trial setting. *Id.* The record does not indicate appellee took any of these steps to avoid any delays in the present case. We hold that since this lawsuit was filed prior to September 2, 1987, the issue of prejudgment interest is governed by *Cavnar*.

Under *Cavnar*, prejudgment interest begins to accrue from a date six months after the occurrence of the incident giving rise to the cause of action, and accrues at the prevailing rate existing on the date judgment was rendered according to the provisions of TEX.REV.CIV.STAT.ANN. art. 5069–1.05, § 2 (Vernon Supp.1993). *See Cavnar*, 696 S.W.2d at 554–55. Thus, we must now determine the date of the incident giving rise to this cause of action.

As demonstrated by the pleadings, the notice letters sent by appellants, and the jury's findings, this is a failure to disclose case under the DTPA. Under the DTPA, "the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed" is a de-

ceptive act. Tex.Bus. & Com.Code Ann. § 17.46(b)(23) (Vernon 1987).

■ In the present case, the jury found that appellee had failed to disclose information and that this failure was intended to induce appellants into entering a transaction they would otherwise not have entered, that is, the purchase of the house. We believe the date giving rise to the cause of action in the present case is the date appellants purchased the house, on or about April 23, 1986. Under *Cavnar*, prejudgment interest began accruing on October 23, 1986, which was six months after the purchase of the house. The trial court erred in using January 10, 1992, as the date from which prejudgment interest is calculated. Appellants' first point of error is sustained.

In their second point of error, appellants make the alternative argument that in the event we hold article 5069–1.05 does apply to this case, the trial court erred in using January 10, 1992, as the date from which prejudgment interest should be calculated. Because we have held in point one that *Cavnar*, and not article 5069–1.05, controls in this case, we do not need to address appellants' second point of error.

In their third point of error, appellants contend the trial court erred in denying their Motion to Modify or Correct Judgment and failing to award them the correct amount of attorney's fees. More specifically, appellants contend the trial court erred in awarding them $20,000 in attorney's fees based on a one-third contingency, rather than $50,000 in attorney's fees based on the amount of time expended on the case.

During trial, the parties made several stipulations with respect to attorney's fees. The parties first stipulated that if appellants were entitled to recover attorney's fees based on a contingency, a one-third contingency fee would be reasonable, and if appellants were entitled to recover attorney's fees based upon a traditional time basis, $50,000 would be reasonable attorney's fees for the preparation and prosecution of the case in the trial court. The parties further stipulated that a reasonable fee for handling an appeal to the court of appeals is $7,500, a reasonable fee in the event an Application for Writ of Error is made by either party would be $1,500, and if the case is accepted or the Writ of Error is granted by the supreme court, an additional fee of $3,000 would be reasonable.[1]

In their Motion for Judgment, appellants asserted that they were entitled to $50,000 because the DTPA allows plaintiffs to recover the greatest amount of damages alleged and proved, and because Texas law entitles a prevailing plaintiff to elect between alternative measures of damages. However, in its judgment, the trial court only awarded appellants $20,000 as a reasonable attorney fee incurred through trial, and when appellants raised this issue in their Motion to Modify or Correct Judgment, the trial court denied the motion.

■ The DTPA provides that "[e]ach consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees." Tex.Bus. & Com.Code Ann. § 17.50(d) (Vernon 1987). This provision is mandatory. *Satellite Earth Stations East, Inc. v. Davis*, 756 S.W.2d 385, 387 (Tex. App.—Eastland 1988, writ denied); *Doerfler v. Espensen Co.*, 659 S.W.2d 929, 931 (Tex. App.—Corpus Christi 1983, no writ). Once a jury determines a defendant has violated the DTPA, the only question which remains is the reasonable value of attorney's fees, and not whether attorney's fees should be awarded. *Davis*, 756 S.W.2d at 387; *Doerfler*, 659 S.W.2d at 931.

"Reasonable attorney's fees may be evidenced by a dollar amount or by a percentage of the recovery." *State Farm Fire and Casualty Co. v. Price*, 845 S.W.2d 427, 436 (Tex.App.—Amarillo 1992, writ dism'd by

---

1. With respect to the amount of attorney's fees for the various stages of the appellate process, the trial court's judgment provides:

   In the event this matter is appealed and the Plaintiffs prevail on such appeal(s) then Plaintiffs, Gary Morgan and Judy Morgan, shall have and recover from Defendant, Ebby Halliday Real Estate, Inc. the additional attorney's fees as they are applicable:

   For an appeal to the Court of Appeals – $7,500
   For an application for Writ of Error to the Texas Supreme Court – $1,500
   For an appeal to the Texas Supreme Court – $3,000

agr.). *See also March v. Thiery,* 729 S.W.2d 889, 897 (Tex.App.—Corpus Christi 1987, no writ) (upholding attorney's fees in DTPA case based upon a one-third contingency fee); *Kargar v. Sorrentino,* 788 S.W.2d 189, 192 (Tex.App.—Houston [14th Dist.] 1990, no writ) (upholding attorney's fees in DTPA case based upon hourly fee). "Because both alternatives are appropriate, both should be submitted so that the plaintiff can elect the alternative that will provide the greatest relief supported by the verdict." DAVID F. BRAGG ET AL., TEXAS CONSUMER LITIGATION § 8.13 (2d ed. Cum.Supp.1993). *See also* 4 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 110.15 (1990); RICHARD M. ALDERMAN, THE LAWYER'S GUIDE TO THE TEXAS DECEPTIVE TRADE PRACTICES ACT, § 9.082 (1993).

■ If the parties had not stipulated to the reasonableness of the two different measures of attorney's fees, appellants would have been entitled to submit two separate issues to the jury with respect to attorney's fees. Appellants could have requested the jury to determine what would be a reasonable and necessary attorney fee stated in dollars and cents, and appellants could have also requested the jury to determine what would be a reasonable and necessary attorney fee stated as a percentage of appellants' recovery. *See* 4 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 110.15, 110.16 (1990).

■ In *Kish v. Van Note,* 692 S.W.2d 463, 466 (Tex.1985) (opinion on reh'g), the supreme court noted that the object behind awarding a plaintiff recovery is to compensate for the actual loss suffered as a result of a defendant's conduct. The court went on to state:

> The DTPA embraces this concept by permitting the injured consumer to recover the greatest amount of actual damages alleged and factually established to have been caused by the deceptive practice, *including related and reasonably necessary expenses.*

*Id.* (emphasis added). The court further stated that "[i]f the jury verdict contains more than one acceptable measure of damages, a plaintiff may be forced to elect prior to judgment the recovery he wants...." *Id.* We believe that a plaintiff is entitled to submit both theories of attorney's fees to a jury and elect the theory which would provide the plaintiff with the greatest recovery. Although we find no DTPA cases which squarely address this issue with respect to attorney's fees, we believe our reasoning is supported by the supreme court's holding in *Kish,* and by the general principles of the DTPA. *See McKinley v. Drozd,* 685 S.W.2d 7, 9 (Tex.1985) (attorney's fee provision of DTPA is to be liberally construed); *Cheek v. Zalta,* 693 S.W.2d 632, 635 (Tex.App.—Houston [14th Dist.] 1985, no writ) (proper measure of DTPA damages is one affording plaintiff the greatest recovery).

In the present case, appellants did not submit the two theories of recovery of attorney's fees to the jury. Rather, the parties stipulated to the reasonableness of two different figures; one for the recovery of attorney's fees based on a dollar amount, and one based on contingency. Thus, we are faced with the issue of whether appellants are still entitled to elect the theory of recovery with respect to the award of attorney's fees, even though no issues were submitted to the jury. We believe appellants are entitled to make such an election.

■ The amount and reasonableness of attorney's fees is a question of fact to be determined by the jury. *See Leggett v. Brinson,* 817 S.W.2d 154, 157 (Tex.App.—El Paso 1991, no writ); *Smith v. Smith,* 757 S.W.2d 422, 424 (Tex.App.—Dallas 1988, writ denied); *Commonwealth Lloyd's Ins. Co. v. Thomas,* 678 S.W.2d 278, 284 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). As a question of fact, the parties to this suit were free to stipulate to the amount and reasonableness of attorney's fees, and such stipulation is binding on the parties, the trial court, and this court. *See M.J.R.'s v. Permit & License Appeal Board,* 823 S.W.2d 327, 330 (Tex.App.—Dallas 1991, writ denied); *Perry v. Brooks,* 808 S.W.2d 227, 229 (Tex.App.—Houston [14th Dist.] 1991, no writ). Consequently, we are limited to reviewing only the correctness of the trial court's application of law to the stipulated facts. *Trinity Univer-*

*sal v. Fidelity & Casualty Co.,* 837 S.W.2d 202, 203 (Tex.App.—Dallas 1992, no writ); *M.J.R.'s,* 823 S.W.2d at 331.

Based on our discussion above, we hold that the trial court erred in denying appellants' Motion to Modify and Correct Judgment regarding the award of attorney's fees. The trial court should have awarded appellants $50,000 in attorney's fees as this would have afforded them the greatest recovery. Point of error number three is sustained.[2]

With respect to the award of prejudgment interest, the judgment of the trial court is reversed and this cause is remanded to the trial court for the proper calculation of prejudgment interest in accordance with this opinion. With respect to the award of attorney's fees, the judgment of the trial court is reversed and we render judgment in favor of appellants in the amount of $50,000 in attorney's fees for the trial of this case, and $7,500 in attorney's fees for the handling of the appeal to this court.

LATTIMORE, J., concurs without written opinion.

---

2. Following its reply to appellants' points of error, appellee raises two additional arguments. Appellee contends this court should not consider the transcript because it was not timely filed by appellants, and that as a result, appellants have failed to preserve error. This court previously considered and rejected this argument when it was raised in appellee's Motion to Dismiss Appeal.

Appellee also contends that the issues presented in this appeal are not simply questions of law, but include questions of fact. As a result, appellee asserts that appellants have failed to provide a sufficient record in this limited appeal for appellate review of the issues presented. However, this argument is without merit.

The question of whether appellants were entitled to prejudgment interest under *Cavnar*, or under article 5069–1.05, is a question of law; as is the question of whether appellants were entitled to the measure of attorney's fees which awards them the greatest recovery. The only potential question of fact involved in this appeal is the determination of the date of the incident giving rise to the cause of action so that prejudgment interest can be calculated under *Cavnar.*

As we previously discussed while addressing appellant's first point of error, this is a failure to disclose case, and it was appellee's failure to disclose which induced appellants into entering a transaction they would otherwise not have entered, i.e., the purchase of the house. We previously determined that the date giving rise to appellants' cause of action is the date appellants purchased the house. This date, October 23, 1986, was established by appellee's response to appellants' requests for admissions and is reflected in the record before us. As a result, appellants have met their burden of providing this court with a sufficient record to establish error by the trial court.