# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00485-CV

**Robert Siddall and Linda Siddall, Appellants**

**v.**

**Derek Haver and Berke Lee Healy, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-10-002653, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This dispute arises from the sale of a home by Robert Siddall and Linda Siddall to Derek Haver and Berke Lee Healy. The Siddalls challenge the trial court's judgment that awarded appellees Haver and Healy damages and attorney's fees on their deceptive trade practices act (DTPA) claim and failed to apply as offset attorney's fees awarded to the Siddalls in an interlocutory order. We will affirm the judgment.

## BACKGROUND

The home sale occurred on August 6, 2008. Appellees filed suit on August 2, 2010, claiming that after the purchase they learned of an active termite infestation, issues with a septic system, and repairs made without proper permits. Their original petition listed causes of action including DTPA, fraud, and breach of contract, and they later added a claim for fraud in the inducement. The Siddalls counterclaimed for attorney's fees under the contract if they prevailed. They also filed a plea in abatement complaining that appellees had not timely presented their DTPA

claim before filing suit. The trial court sustained the Siddalls' plea, and appellees presented their DTPA demand letter on September 13, 2012.

The Siddalls originally obtained a favorable final judgment in this case. On September 17, 2012, the trial court granted the Siddalls' motion to dismiss the DTPA claim. That same day, the trial court denied appellees' motion for continuance of the trial regarding the remaining claims, and the appellees declined to proceed on the date set for trial. The trial court signed a final judgment finding that appellees defaulted and would take nothing by their claims, that the Siddalls prevailed, and that the Siddalls were entitled to $22,700 in attorney's fees.

In December 2012, however, the trial court vacated its final judgment as to the DTPA claim, lifted the abatement, and reinstated the case as to the DTPA claim only. It then signed a Reformed Interlocutory Judgment reiterating that the Siddalls prevailed against appellees on the fraud-based claims and were entitled to $22,700 in attorney's fees. Before the next trial setting, the trial court denied the Siddalls' motions to dismiss and for a directed verdict against the DTPA claims.

The jury found that the Siddalls violated the DTPA knowingly and awarded appellees $16,188.80 in damages and discretionary damages. The jury found that $37,800 was a reasonable fee for appellees' attorney's services. The trial court rendered judgment consistent with the jury's verdict and expressly stated that the Siddalls take nothing on their counterclaim for attorney's fees.

## DISCUSSION

The Siddalls raise three issues on appeal. They contend that the court should have dismissed the DTPA claim because appellees did not present notice of their claim until after the statute of limitations had run on filing that action. They argue that the jury's award of attorney's fees

2

was against the great weight and preponderance of the evidence because the award was not based on the appellees' contingent-fee agreement with their attorney. They also argue that the trial court erred by refusing to include in the final judgment the Siddalls' attorney's fee award contained in the Reformed Interlocutory Judgment.

**The late notice of claim did not cause the statute of limitations to bar this suit.**

The Siddalls contend that the suit was barred because appellees sent their notice of claim after the limitations period expired. All DTPA actions must be commenced within two years after the date the wrongful act occurred or should have been discovered. Tex. Bus. & Com. Code § 17.565. The DTPA also states that, "[a]s a prerequisite to filing a suit seeking damages [under the DTPA] against any person, a consumer shall give written notice to the person at least 60 days before filing suit" advising the potential defendant of specified aspects of the suit. *Id*. § 17.505(a). The Siddalls do not dispute that appellees filed their original petition less than two years after the acts and omissions sued on here. Appellees do not dispute that they sent the DTPA notice of their claim after the limitations period expired. The Siddalls contend that under the plain language of the statute the late notice of claim constituted a failure to comply with a mandatory prerequisite to suit and should have barred the suit.

The Siddalls ignore other plain language in the statute supporting the trial court's procedure. When interpreting a statute we must rely on the plain meaning of its words, *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010), and must read the statute as a whole and attempt to give meaning to all its parts. *Columbia Med. Ctr, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008); *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008). The DTPA states that "[i]f the giving of 60 days' written notice is rendered impracticable by reason of

the necessity of filing suit in order to prevent the expiration of the statute of limitations or if the consumer's claim is asserted by way of counterclaim, the notice provided for in Subsection (a) of this section is not required . . . ." Tex. Bus. & Com. Code § 17.505(b). Appellees filed this suit on August 2, 2010, four days before the expiration of the two-year limitations period running from the house sale at the center of this suit. The DTPA allows a defendant who does not receive the written notice described in section 17.505(a) to file a plea in abatement, *id.* § 17.505(c), and directs the trial court to abate the suit if the required advance notice was not provided, *id.* § 17.505(d). The abatement continues until the sixtieth day after the date that sufficient written notice is served. *Id.* § 17.505(e). While subsections (c)-(e) describe a procedure that could occur within the limitations period, subsection (b) expressly waives the "prerequisite to suit" aspect of subsection (a). *See id.* § 17.505(b)-(e). There is no provision requiring dismissal or applying limitations bars for failure to send the presuit notice of claim before the limitations period expires. If a failure to send notice before the limitations period expired barred the suit, subsections (b) through (e) would outline an essentially futile exercise of sending notice of a barred claim. Reading section 17.505 as permitting notice of claim to be filed not only after the petition is filed but after limitations expires gives meaning to the statute as a whole. This interpretation is consistent with the supreme court's analysis of the interaction of limitations with a similar notice requirement in the Texas Medical Liability Act. *See De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d. 935, 939 (Tex. 1993).

The trial court's actions complied with section 17.505. Appellees did not send notice of their claim before filing suit, they filed suit fewer than sixty days before the expiration of limitations, the Siddalls sought and the trial court granted an abatement, appellees sent notice of their claim, and the trial court reinstated the suit. The Siddalls have not alleged or shown that the suit was

4

filed outside the limitations period. We find no error in the trial court's failure to find that the notice was late and that the suit was barred by limitations.

**The jury was not bound to award attorney's fees pursuant to the contingent-fee agreement.**

The Siddalls contend that, because appellees had a contingent-fee agreement with their attorney, the trial court's attorney's fee award based on hours of service provided was not supported by the evidence. They argue that appellees' attorney was allowed to introduce evidence of his hours of work only to show that a contingent-fee award amount was justified. They contend that the fee award should be reduced from the $37,800 awarded to $6,475.52, which is forty percent of the damages awarded and is consistent with appellees' fee agreement.

The DTPA provides that "[e]ach consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees." Tex. Bus. & Com. Code § 17.50(a). It does not limit the consumer to collecting attorney's fees consistent with their agreement with their attorney. Reasonable attorney's fees can be shown by a dollar amount based on the attorney's time expended or by a percentage of the party's recovery. *Morgan v. Ebby Halliday Real Estate, Inc.*, 873 S.W.2d 385, 389 (Tex. App.—Fort Worth 1993, no writ). A jury can decide that both a contingent fee and an hourly-based fee are reasonable and necessary, and the party can choose which calculation to accept. *Id.* at 390; *see also Nicolau v. State Farm Lloyds*, 869 S.W.2d 543, 554 (Tex. App.—Corpus Christi 1993), *rev'd in part on other grounds*, 951 S.W.2d 444 (Tex. 1997). If the jury finds that both methods are reasonable, the trial court can award the method that provides the greatest recovery supported by the verdict. *Morgan*, 873 S.W.2d at 391.

In its charge, the trial court asked the jury "[w]hat is a reasonable fee for the necessary services of [appellees'] attorney in this case, stated in dollars and cents?" The Siddalls

do not challenge the jury charge on appeal, and there is no indication they did so at trial. The jury heard the evidence of the contingent-fee agreement and also heard evidence of the amount of time appellees' attorney expended and his hourly rate. The attorney stated that he had worked sufficient hours at his $250 hourly rate to total $54,835 in attorney's fees. The Siddalls do not challenge the sufficiency of the evidence of the hours appellees' attorney worked, his billing rate, or the reasonableness or necessity of those hours and billing rate. The jury awarded less than the fees appellees claimed under an hourly billing rate. We find no error in the trial court's award of attorney's fees.

**The trial court did not err by omitting the Siddalls' attorney's fee award contained in the Reformed Interlocutory Judgment.**

The Siddalls contend that the trial court erred by failing to account for the $22,700 in attorney's fees awarded to them in the Reformed Interlocutory Judgment that disposed of appellees' fraud-based claims. The real-estate sales contract provided that "[t]he prevailing party in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding incurred by the prevailing party." The Siddalls contend that the hearing on the fraud claims was a "legal proceeding related to the contract" and that prevailing at that hearing entitled them to attorney's fees. They contend that Judge Hurley, author of the Reformed Interlocutory Judgment, acted properly in awarding them the fees and that Judge Yelenosky, author of the final judgment, acted ultra vires in "reversing" Judge Hurley's judgment. The Siddalls contend that "[s]ubsequent trial judges on a revolving docket do not have the authority to rescind a prior Judge's sanctions when fashioning a final judgment."

6

The fraud and the DTPA claims were finally resolved at different times in the same legal proceeding. The trial court retained continuing control over the interlocutory orders and had the power to set those orders aside at any time before a final judgment was entered. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993) (per curiam); *Texas Crushed Stone Co. v. Weeks*, 390 S.W.2d 846, 849 (Tex. Civ. App.—Austin 1965, writ ref'd n.r.e.). A prior interlocutory order has no limiting effect on the final judgment entered. *Weeks*, 390 S.W.2d at 849 (citing *Texas Land & Loan Co. v. Winter*, 57 S.W. 39, 41 (Tex. 1900)); *see also Johnson v. Resendez*, 993 S.W.2d 723, 726 (Tex. App.—Dallas 1999), *pet. dism'd w.o.j.*, 52 S.W.3d 689 (Tex. 2001). The trial court had the power to reconsider and withdraw any aspect of the interlocutory order. The question remains whether it erred by doing so.

When the trial court awarded attorney's fees to the Siddalls originally, it did so in what was then a final judgment that resolved all issues in the case in favor of the Siddalls. The trial court dismissed appellees' DTPA claims and they chose not to pursue their fraud claims, causing the court to conclude that the Siddalls had prevailed. When the trial court set aside the final judgment on appellees' DTPA claims and reinstated those claims, it reiterated that the Siddalls were the prevailing party and entitled to attorney's fees. However, the fraud claims were not severed from the DTPA claims and so the interlocutory judgment remained subject to alteration. *See Fruehauf*, 848 S.W.2d at 84. When the trial court rendered the final judgment appealed here, appellees prevailed on their DTPA claims and the trial court acted within its power to rule that the Siddalls take nothing on their counterclaim for attorney's fees. The contract states that "*the prevailing party in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees . . . .*" Appellees prevailed because they were awarded damages. *See Intercontinental*

7

*Grp. P'ship v. KB Home Lone Star, L.P.*, 295 S.W.3d 650, 654-55 (Tex. 2009). The contract does not define "legal proceeding," so the parties must have intended the ordinary meaning. *See id*. at 653. It is reasonable to interpret "legal proceeding" to apply to the case as a whole, not as a series of separate proceedings that each has a prevailing party entitled to attorney's fees. The contract calls for an attorney's fees award to "the" prevailing party, not awards to both sides in proportion to the number of claims they prevail on or offsetting the fees award to one party by the amount of fees the other party incurred in successfully defending against defaulted claims. The trial court reasonably determined that the fraud and DTPA claims were part of one legal proceeding and that the side who sued and obtained damages was the prevailing party. We find no error in the trial court's final decision to award attorney's fees to appellees and not to the Siddalls and in the decision not to offset the interlocutory award of attorney's fees to the Siddalls against the final award of attorney's fees to appellees.

## CONCLUSION

We affirm the judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed: August 31, 2015

8