

# NUMBER 13-10-00600-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

DAVID M. COOVER JR. AND JOE MCMANUS,
AS TRUSTEES OF THE FRANK A. CECH TESTAMENTARY TRUSTS FOR USE
AND BENEFIT OF CHARLES TREFFLICH,
CHARLOTTE GRONER, AND THE CHILDREN OF CHARLOTTE GRONER,
AND AS TRUSTEES OF THE MARY CECH TREFFLICH TESTAMENTARY TRUST
FOR THE USE AND BENEFIT OF CHARLOTTE GRONER AND THE CHILDREN
OF CHARLOTTE GRONER, AND CHARLES E. TREFFLICH III, INDIVIDUALLY
AND AS INDEPENDENT EXECUTOR
OF THE ESTATE OF MARY CECH TREFFLICH,                    Appellants,

v.

ENERFIN FIELD SERVICES, LLC,                    Appellee.

_____

## On appeal from the 214th District Court
## of Nueces County, Texas.

_____

# MEMORANDUM OPINION

## Before Justices Garza, Vela, and Perkes
## Memorandum Opinion by Justice Perkes

David M. Coover Jr. and Joe McManus, as trustees of the Frank A. Cech Testamentary Trust for the Use and Benefit of Charles Trefflich, Charlotte Groner, and the Children of Charlotte Groner, and as trustees of the Mary Cech Trefflich Testamentary Trust for the Use and Benefit of Charlotte Groner and the Children of Charlotte Groner, and Charles E. Trefflich III, Individually and as Independent Executor of the Estate of Mary Cech Trefflich appeal from a final judgment rendered in favor of Enerfin Field Services, LLC ("Enerfin") after the parties filed competing motions for summary judgment. The main issue in this case concerns whether Enerfin, as lessee of a surface estate, is liable for holdover rent or liquidated damages when the property subject to the lease was permanently damaged and, therefore, purchased by Enerfin.

By four issues, appellants contend: (1) the trial court should have granted appellants' motion for summary judgment and denied Enerfin's motion for summary judgment; (2) even if judgment cannot be rendered for appellants, fact issues preclude granting Enerfin's motion for summary judgment; (3) appellants should not be limited to $3,955.48 in prejudgment interest; and (4) the trial court should have struck Enerfin's declaratory judgment action and should not have awarded Enerfin attorney's fees. We affirm.

## I. Background

Appellants owned a 4.5-acre tract of land utilized as a crude oil storage and pumping station. They leased the tract to several successor lessees, who maintained three 50,000 to 75,000-barrel above-ground oil-storage tanks on the property. The surface lease executed by appellants and then-lessee Coastal States Crude Gathering ("Coastal") included provisions requiring the lessee to clear the property and remediate

2

it prior to expiration of the lease, and further included a provision requiring the lessee to pay the fair market value for any part of the land that was "permanently damaged."

Coastal's lease of this tract expired on January 31, 2007. After the lease terminated, appellants began inquiring about the tract's environmental condition. In June 2007, appellant, David M. Coover wrote Koch Pipeline ("Koch"), a predecessor lessee of the tract, asking about its environmental state. Koch directed Coover to contact Enerfin. In September 2008, Enerfin mistakenly denied responsibility for the tract on grounds that the tract was not included in its lease of the area property. Shortly afterward, a representative of El Paso Merchant Energy ("El Paso"), Koch's predecessor lessee, contacted appellants regarding access to the property for testing and plans for environmental testing. In December 2008, appellants questioned El Paso about the tract's environmental condition and sought holdover rent and liquidated damages for the tract. El Paso forwarded appellants' demand to Koch, which in turn forwarded the demand to Enerfin. On February 11, 2009, Enerfin, as a successor lessee of the tract, wrote a letter to appellants assuming responsibility for the environmental issues pertaining to the lease. On March 5, 2009, Enerfin offered to purchase the tract for $35,375.00. Enerfin contended that the tract was permanently damaged and Enerfin was, accordingly, not liable for the liquidated damages and holdover provisions of the lease. On March 6, 2009, appellants rejected Enerfin's offer on grounds that the tract's estimated value was approximately $30,000.00 and Enerfin owed them liquidated damages totaling $168,250.00.

Following unsuccessful attempts to resolve this matter, Enerfin filed a declaratory judgment action, asking the trial court to declare "the rights and duties of the parties

3

under the surface lease agreement." Specifically, Enerfin alleged that, under the lease, if the tract was permanently damaged, Enerfin was obligated to purchase the leased premises at the fair market value but was not liable for liquidated damages, which it contended were unenforceable under Texas law. Appellants' responsive pleadings included a counterclaim for breach of contract. Appellants sought liquidated damages of $235,500.00 and holdover rent of $1,650.93.

After inception of the lawsuit, the parties agreed to arbitrate issues made expressly subject to arbitration by the surface lease agreement; specifically: (1) how much of the property, if any, was permanently damaged, and (2) its fair market value. The arbitrator found that the tract was "permanently damaged" and set the fair market value of the tract at $35,000.00. The trial court confirmed the arbitrator's award. Soon after, Enerfin tendered a check to appellants for $35,000.00 for the purchase of the tract. Appellants accepted the check and tendered the deed to the tract to Enerfin.

Subsequently, the parties filed cross-motions for summary judgment on the remaining issues in the case, specifically, whether or not Enerfin owed appellants holdover rent or liquidated damages. The trial court granted Enerfin's motion and denied appellants' motion. The final judgment states, in relevant part, that: (1) the liquidated damages clause in the surface lease agreement "is unenforceable because it represents a contractual penalty prohibited by Texas law;" (2) the liquidated damages clause and the holdover clause do not apply where the property has become "permanently damaged," as that term is used in the lease; (3) appellants are entitled to $3,955.48 in prejudgment interest "as compensation for Enerfin's delayed performance of its duty to pay the fair market value of the property," and (4) Enerfin is entitled to

4

attorney's fees of $29,000.00 under the Texas Declaratory Judgment Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). This appeal ensued.

## II. STANDARD OF REVIEW

The purpose of a declaratory action is to establish the existing rights, status or other legal relationships between parties. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West 2008). A declaratory judgment is appropriate only when there is a justiciable controversy about the rights and status of the parties and the declaration would resolve the controversy. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). Declaratory relief is not warranted unless the claim presents a "substantial controversy" of "immediacy and reality." *Tex. A & M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289, 291 (Tex. 2011) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Suits for declaratory judgment are intended to determine the rights of parties when a controversy has arisen, but before any wrong has been committed. *See Armstrong v. Hixon*, 206 S.W.3d 175, 179 (Tex. App.—Corpus Christi 2006, pet. denied); *Montemayor v. City of San Antonio Fire Dep't*, 985 S.W.2d 549, 551 (Tex. App.—San Antonio 1998, pet. denied).

Declaratory judgments are reviewed under the same standards as other judgments and decrees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (West 2008); *Hawkins v. El Paso First Health Plans, Inc.*, 214 S.W.3d 709, 719 (Tex. App.—Austin 2007, pet. denied). We look to the procedure used to resolve the issue at trial to determine the standard of review on appeal. *See Armstrong*, 206 S.W.3d at 179; *Hawkins,* 214 S.W.3d at 719. Because the trial court determined the declaratory

5

judgment through summary judgment proceedings, we review the propriety of the trial court's declarations under the same standards that we apply to summary judgments. *See City of Austin v. Garza*, 124 S.W.3d 867, 871 (Tex. App.—Austin 2003, no pet.). *See City of Austin*, 124 S.W.3d at 719; *Lidawi v. Progressive County Mut. Ins. Co.*, 112 S.W.3d 725, 730 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

The function of a summary judgment is to eliminate patently unmeritorious claims and untenable defenses, not to deprive litigants of the right to a trial by jury. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Alaniz v. Hoyt*, 105 S.W.3d 330, 344 (Tex. App.—Corpus Christi 2003, no pet.). This court applies *de novo* review to a summary judgment order using the same summary judgment standard employed in the first instance by the trial court. *See Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005); *Armstrong*, 206 S.W.3d at 180. In our review, we determine whether the movant met its burden to establish that no material fact issue exists and that movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). All doubts are resolved against the movant, we take as true all evidence favorable to non-movant, and indulge every reasonable inference in the non-movant's favor. *Valence Operating Co.,* 164 S.W.3d at 661.

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Mid-Continent Cas. Co. v. Global Enercom Mgmt.*, 323 S.W.3d 151, 153–54 (Tex. 2010); *Day Cruises Mar., L.L.C v.*

*Christus Spohn Health Sys.,* 267 S.W.3d 42, 53 (Tex. App.—Corpus Christi 2008, pet. denied).

### III. MOTIONS FOR SUMMARY JUDGMENT

By their first issue, appellants assert that the trial court should have granted their motion for summary judgment and denied Enerfin's motion for summary judgment. In short, appellants assert that Enerfin's motion for summary judgment did not conform to its pleadings and that appellants are entitled to judgment as a matter of law. The summary of appellants' argument pertinent to this issue states:

> As the summary judgment movant, Enerfin failed to meet its burden of pleading and proof to support the entry of summary judgment in its favor on the relief requested in its motion. Enerfin did not request any of that relief in its [p]etition for [d]eclaratory [r]elief. Enerfin further never pleaded the affirmative defense of penalty, and did not prove as a matter of law that the liquidated damages provision in the surface lease was a penalty, as was its burden. Enerfin never sought a declaration regarding holdover rent in its petition, and did not prove as a matter of law that it was not required to pay holdover rent. . . . Having failed to meet its burdens of pleadings and proof, Enerfin could not have judgment entered in its favor.
>
> [Appellants], on the other hand, filed their own [p]etition alleging breach of contract and moved for [s]ummary [j]udgment on that claim. Enerfin failed to file an answer to the [p]etition, to plead defenses to [appellants'] claims, to raise a genuine issue of material fact to stave off [appellants'] summary judgment motion, or to prove that no genuine issue of material fact existed as to any alleged defense to [appellants'] claims (assuming any were properly pleaded). Rather, Enerfin implicitly conceded the elements of breach of the [l]ease. The trial court should have granted summary judgment to [appellants], not to Enerfin.

### A. PLEADINGS

We first address appellants' arguments that the trial court erred in granting summary judgment in favor of Enerfin because Enerfin's motion for summary judgment was not properly premised on its pleadings. Appellants contend that Enerfin sought

7

summary judgment on grounds that: (1) the liquidated damages clause was a prohibited penalty; (2) it did not owe holdover rent; and (3) appellants' prejudgment interest should be limited to $3,955.48 as compensation for a "1,032-day holdover" on the tract. Appellants argue that Enerfin's underlying pleadings failed to raise these issues. Appellants also point out that "penalty" is an affirmative defense that must be pleaded and proved. *See Urban TV Network Corp. v. Creditor Liquidity Solutions, L.P.*, 277 S.W.3d 917, 919 (Tex. App.—Dallas 2009, no pet.); *cf. Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991) (holding that the defense of penalty is not waived by the failure to plead it if it is apparent on the face of the petition and established as a matter of law). In response, Enerfin argues that its pleadings sufficiently supported the summary judgment.

Enerfin's first amended original petition states, in relevant part, as follows:

> A dispute has arisen between the parties with regard to their rights and duties under the Surface Lease Agreement. Enerfin contends that it is obligated to purchase the leased premises at the fair market value and the parties are obligated to arbitrate the issue of fair market value if they are unable to agree. Enerfin contends that it is not subject to the liquidated-damages clause and that the liquidated-damages clause is unenforceable under Texas law. It is not entirely clear at this time whether the lessor defendants dispute the issue of damage to the property or their duty to convey the property on payment of its fair market value. It is clear, however, that the lessor defendants contend that Enerfin is obligated to pay liquidated damages in excess of $168,000.00. Enerfin stands ready, willing, and able to purchase the leases premises at their fair market value.
>
> ***
>
> Enerfin seeks a declaratory judgment under the Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq.*, declaring the rights and duties of the parties under the Surface Lease Agreement. Enerfin seeks a judgment declaring: (1) that the defendant lessors have a duty to convey the leased premises by deed to Enerfin or its designee upon

8

payment of the fair-market value of the property; (2) that the defendant lessors have a duty to arbitrate the fair market value of the property as well as any dispute that may exist over the fact of, or extent of, any permanent damage to the property; and (3) that Enerfin has no duty to pay liquidated damages.

\*\*\*

Enerfin also seeks judgment against the defendant lessors for its reasonable and necessary attorneys' fees incurred in connection with this matter under TEX. CIV. PRAC. & REM. CODE § 37.009 or § 38.001, *et seq.* All conditions precedent have been performed or have occurred.

Because appellants did not file special exceptions to Enerfin's first amended original petition, we construe that pleading liberally in Enerfin's favor to include all claims that reasonably may be inferred from the language used. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). No particular type of pleading is required by the declaratory judgment act and pleadings are to be liberally construed in support of the judgment. *See First Am. Title Ins. Co. of Tex. v. Willard,* 949 S.W.2d 342, 352 (Tex. App.—Tyler 1997, writ denied); *Canales v. Zapatero,* 773 S.W.2d 659, 661 (Tex. App.—San Antonio 1989, writ denied); *James v. Hitchcock Indep. School Dist.,* 742 S.W.2d 701, 704 (Tex. App.—Houston [1st Dist.] 1987, writ denied); *Frost v. Sun Oil Co.,* 560 S.W.2d 467, 473 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ).

Enerfin did not specifically plead "penalty," inapplicability of the holdover clause, or limitation of prejudgment interest to $3,955.48. However, Enerfin expressly states in its petition that the lease "provides for additional rentals and liquidated damages of $250.00 per day for holding over," and asserts that it "is not subject to the liquidated damages clause and that the liquidated-damages clause is unenforceable under Texas

9

law."  Under a liberal construction of Enerfin's pleadings, we conclude that Enerfin's defensive issues regarding rentals and liquidated damages reasonably may be inferred from the language in its petition.[1]  *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 896.  Appellants were free to specially except to Enerfin's pleadings, but did not do so. Moreover, with regard to appellants' claim that Enerfin failed to plead that prejudgment interest should be limited, appellants have failed to provide authority for the proposition that the limitation of prejudgment interest is a defensive matter that must be affirmatively pleaded.  Enerfin's first amended petition sought "[s]uch other relief, general or special, at law or in equity, to which [it] may be entitled."  A general prayer for relief, such as this one, authorizes a judgment for any relief within the court's jurisdiction, justified by the proof and consistent with the claims asserted in the petition.  *See Kissman v. Bendix Home Sys.*, 587 S.W.2d 675, 677 (Tex. 1979).  Accordingly, the summary judgment was sufficiently supported by Enerfin's pleadings.  We overrule this portion of appellants' first issue.

## B. CROSS-MOTIONS FOR SUMMARY JUDGMENT

In the second part of their first issue, appellants argue that the trial court should have granted their motion for summary judgment and denied Enerfin's motion for summary judgment.  Within this issue, appellants contend that:  (a) there is no issue of material fact that Enerfin breached the lease when it held over for 1,032 days and

---

[1] Unpleaded affirmative defenses can serve as a basis for summary judgment when the defenses are raised in the summary judgment motion and the opposing party did not object to lack of proper pleadings in either a written response to the motion or before rendition of judgment.  *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex. 1991); *see also Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (per curiam) (concluding that when movant responded to unpleaded affirmative defense without objecting, that issue was tried by consent).  In the instant case, appellants expressly asserted that Enerfin failed to plead that the liquidated damages provision was a penalty in their reply to Enerfin's response to appellants' motion for summary judgment.

refused to pay holdover rent and liquidated damages; (b) the liquidated damages clause is enforceable, (c) there is no genuine issue of material fact that appellants are entitled to holdover rent under the terms of the lease; (d) Enerfin and the trial court have wrongly interpreted the terms of the lease to conclude that where the property was permanently damaged, Enerfin did not owe holdover rent and/or liquidated damages for remaining in possession of the property without purchasing it for 1,032 days; and (e) Enerfin never had equitable title to the property.

Our analysis of this issue begins with the language of the lease itself. The lease provides for a five-year renewable term with a base annual rental payment of $5,400.00. The lease provided for escalating rental payments to keep pace with inflation. The portions of the lease that are specifically at issue in this proceeding follow those portions of the lease determining rental payments, and are as follows:

> Prior to the expiration of this Lease and no later than ninety (90) days after the expiration or termination of this Lease, or any renewal or extension thereof, LESSEE shall remove all of said property and other machinery and equipment placed by it on the above described land and premises and shall likewise remove therefrom all foundations and obstructions and level any and all embankments, firewalls and tank bases and remove and dispose of, in accordance with all applicable federal, state and local laws and regulations, any contaminated soils, and if necessary, replace same with soils reasonably equivalent to those on adjacent lands belonging to Lessors.[2]

> Provided, however, if in its use of the property, LESSEE has caused any permanent damage to such land or any contiguous lands of LESSOR in the use of such property or the removal of its improvements therefrom, LESSEE, instead of replacement of soils, as provided above, but in addition to the above mentioned rents, shall compensate LESSOR for the then fair market value per acre for each acre or part thereof so

---

[2] At the time of the execution of this lease, appellants owned a 182-acre tract of farmland adjacent to the tract subject to lease. By the time this lease expired, appellants had sold the adjacent farmland and retained only the 4.5-acre tract at issue in this lawsuit.

permanently damaged, and if LESSEE pays the fair market value therefore, then LESSOR shall convey said property to LESSEE by the delivery of a deed, on a form satisfactory to LESSEE. In the event LESSOR AND LESSEE cannot agree as to what land has been permanently damaged, if any, or its then fair market value, each party agrees to submit the same to arbitration . . . .

Should LESSEE hold over for any part of the 90-day period in order to complete the cleanup operation, lessee shall pay LESSOR, monthly in advance, 1/12 of the annual rentals being paid at the time of termination. In the event LESSEE should be in possession of the premises, or fail to have completed the removal and cleanup by the end of the 90th day following termination, then LESSEE shall pay as liquidated damages the sum of $250.00 per day for each and every day it remains in possession of the premises or the cleanup remains incomplete. It is hereby stipulated and agreed that the damages suffered by LESSOR because of such holding over are incalculable but substantial and $250.00 per day is hereby stipulated to be reasonable compensation for LESSOR'S damages to LESSEE'S holding over.

In construing the lease, we apply the typical rules of contract construction. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333–34 (Tex. 2011). When construing a contract, we must ascertain the true intentions of the parties as expressed in the writing itself. *See id.*; *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). In identifying the intention of the parties, we examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *See Valence Operating Co.*, 164 S.W.3d at 662; *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 129 (Tex. App.—Corpus Christi 2006, pet. denied). *Id.* We begin our analysis with the contract's express language. *Italian Cowboy Partners, Ltd.*, 341 S.W.3d at 334; *Progressive County Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 807 (Tex. 2009) (per curiam); *see also Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) ("If the written instrument is so

worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law.").

The construction of an unambiguous written contract is a question of law for the court. *See Matagorda Cty. Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 740 (Tex. 2006); *Barrand, Inc.*, 214 S.W.3d at 129. Where the parties have entered into an unambiguous written contract, the instrument alone will be deemed to express the intention of the parties because it is the objective intent, not subjective intent, that controls. *See Matagorda Cty Hosp. Dist.*, 189 S.W.3d at 740; *Barrand, Inc.*, 214 S.W.3d at 129. Contract terms are given their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense. *See Valence Operating Co.*, 164 S.W.3d at 662; *Heritage Res., Inc. v. NationsBank,* 939 S.W.2d 118, 121 (Tex.1996); *W. Reserve Life Ins. Co. v. Meadows,* 152 Tex. 559, 261 S.W.2d 554, 557 (1953).

Applying these rules to the contract at issue, we conclude that the contract required Enerfin to clear its equipment from the property before the expiration of the lease "and no later than ninety (90) days after the expiration or termination" of the lease or any renewal of the lease. The contract required Enerfin to remove and dispose of any contaminated soils and, if necessary, replace the soil with soils "reasonably equivalent" to those on adjacent lands. However, if Enerfin had caused "permanent damage" to the property, Enerfin must, instead of replacing the soils: (1) compensate appellants for the "then fair market value per acre" for each acre or part thereof that is permanently damaged and, if Enerfin pays fair market value, then appellants shall

13

convey the tract to Enerfin; and (2) pay "the above-mentioned rents," which are the rental rates established earlier in the lease.

The lease further provides that if Enerfin should "hold over for any part of the 90-day period in order to complete the cleanup operation," that it would pay appellants "monthly in advance, 1/12 of the annual rentals being paid at the time of termination." Finally, the lease states that if Enerfin "should be in possession of the premises, or fail to have completed the removal and cleanup by the end of the 90th day following termination," then Enerfin "shall pay as liquidated damages the sum of $250.00 per day for each and every day it remains in possession of the premises or the cleanup remains incomplete." The lease expressly provides that the parties thereto stipulated that the damages suffered by appellants because of such holding over are "incalculable but substantial and $250.00 per day is hereby stipulated to be reasonable compensation."

The paragraph order and language of the lease indicates that the duty to pay holdover rental and liquidated damages does not apply when the property has been deemed permanently damaged. The holdover rental provision expressly applies when Enerfin holds over "to complete the cleanup operation," and the liquidated damages provision expressly applies when Enerfin has held over and has failed to "have completed the removal and cleanup." The paragraph of the lease concerning "permanent damage" does not include provisions for liquidated damages or holdover rent pending completion of the contemplated sale of the tract.

In the instant case, an arbitrator found that the tract was permanently damaged and established the fair market value for the purchase of the tract. Where the property has been permanently damaged, the terms of the lease do not provide for holdover

14

rentals or liquidated damages. We hold that the trial court did not err by granting Enerfin's motion for summary judgment and by denying appellants' motion for summary judgment. We overrule the remainder of appellants' first issue.[3]

## IV. MATERIAL ISSUES OF FACT

In their second issue, appellants contend that disputed issues of material fact preclude granting summary judgment in favor of Enerfin. In support of this issue, appellants argue that Enerfin admitted in its response to appellants' motion for summary judgment that a fact issue precluded summary judgment. We disagree with appellants' conclusion that material issues of fact defeat Enerfin's motion for summary judgment.

The underlying facts regarding this issue concern whether the liquidated damages clause constitutes an unenforceable penalty, which is an issue we need not reach herein. *See* TEX. R. APP. P. 47.4, 47.7. Given the trial court's conclusion that the liquidated penalty provision of the lease does not apply to the situation where the land has been permanently damaged, the foregoing matters do not constitute a genuine issue of material fact sufficient to defeat summary judgment. *See* TEX. R. CIV. P. 166a(c); *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995). We overrule appellants' second issue.

## V. PREJUDGMENT INTEREST

In their third issue, appellants argue that the trial court's judgment limiting them to only $3,955.48 in prejudgment interest is error. Appellants argue that they are entitled to prejudgment interest from February 15, 2008 (180 days after Enerfin received notice

---

[3] Because of our conclusion that the liquidated damages clause does not apply when the subject property has been permanently damaged, we need not decide whether the liquidated damages clause is a prohibited penalty. *See* TEX. R. APP. P. 47.1.

15

of this claim) to the date of judgment, September 29, 2010, on their claimed amounts of $1,650.93 in holdover rent and $235,500.00 in liquidated damages. In the instant case, the trial court awarded appellants $3,955.48 "in prejudgment interest as compensation for Enerfin's delayed performance of its duty to pay the fair market value of the property subject to the Lease."

We have already determined that appellants are not entitled to holdover rent or liquidated damages, and therefore, appellants are not entitled to recover prejudgment interest on those amounts. A party must prevail before it is entitled to prejudgment interest. *See Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex. 1986); *Sembera v. Petrofac Tyler, Inc.*, 253 S.W.3d 815, 833 (Tex. App.—Tyler 2008, pet. denied). Although appellants prevailed in their claims which were submitted to arbitration regarding "permanent damage" to the tract and Enerfin's duty to purchase the tract, thus entitling them to prejudgment interest regarding those claims, appellants did not prevail in the matters submitted to the trial court by the parties' motions for summary judgment and that were resolved by final judgment; thus, appellants are not entitled to prejudgment interest regarding those matters. *See Matthews,* 721 S.W.2d at 287. We overrule appellants' third issue.

## VI. MOTION TO STRIKE AND ATTORNEY'S FEES

In their fourth issue, appellants contend that the trial court should have granted their motion to strike Enerfin's petition for declaratory judgment[4] and should not have

---

[4] To the extent appellants' arguments reiterate those raised in their first issue regarding the sufficiency of Enerfin's pleadings, we have already reviewed those issues and need not address them again. *See* TEX. R. APP. P. 47.1.

16

awarded Enerfin attorney's fees. We first address appellants' contentions regarding the validity of Enerfin's action for declaratory judgment.

## A. PROPRIETY OF DECLARATORY RELIEF

Appellants contend that Enerfin sought declarations regarding its obligations under the lease to: (1) convey the tract for fair market value; (2) arbitrate the fair market value of the tract; and (3) pay liquidated damages. According to appellants, the first two issues were moot by the time that judgment had been entered in this case, and the final issue, whether Enerfin had a duty to pay liquidated damages, was not properly raised by a declaratory action. Appellants argue that Enerfin did not seek a declaration as to the intent of the parties under the lease, but "rather a declaration that the language as stated was unenforceable under existing law" and that a declaratory judgment action cannot be used to revise or alter existing rights or legal relations.

We agree with appellants' statement regarding the law applicable to declaratory relief, but we disagree with their application of that law to the facts of this case. As stated previously, the purpose of a declaratory action is to establish the existing rights, status or other legal relationships between parties. *City of El Paso,* 284 S.W.3d at 370. In this regard, the Texas Supreme Court has held that:

> [A] declaratory judgment action is not necessarily an action for affirmative relief. The Civil Practice and Remedies Code provides that the Texas Declaratory Judgment Act is "remedial" only. That act serves only to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. The purpose of the [declaratory judgment statute], as evidenced by its own terms, is to declare existing rights, status, or other legal relations. The statute cannot be invoked as an affirmative ground for recovery to revise or alter such rights or legal relations.

17

*Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 164 (Tex. 1993) (citations omitted); *see Dallas County Tax Collector v. Andolina*, 303 S.W.3d 926, 930 (Tex. App.—Dallas 2010, no pet.) ("A declaratory judgment is appropriate to settle and afford relief regarding existing rights, status, and other legal relations.").

In the instant case, Enerfin's first amended petition for declaratory relief sought declarations regarding "the rights and duties of the parties under the Surface Lease Agreement," including that "Enerfin has no duty to pay liquidated damages." Enerfin's request for relief is not an affirmative ground for recovery, but instead seeks to establish the existing rights between the parties under the subject lease. *City of El Paso*, 284 S.W.3d at 370. We overrule this portion of appellant's fourth issue.

### B. ATTORNEY'S FEES

In the second part of their fourth issue, appellants contend that the trial court erred in awarding Enerfin attorney's fees. Appellants contend that the award of attorney's fees is neither equitable nor just because Enerfin was on notice of its obligations to appellants under the lease in July 2007, but did not respond to appellants' claims until September 2008, and did not admit that it was responsible under the lease until February 2009. Appellants thus argue that it is "unjust, inequitable, and improper under this record" to award Enerfin attorney's fees when it wrongfully refused to accept responsibility under the lease for over three years.

The Texas Declaratory Judgments Act provides that in any proceeding under the Act "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009; *see GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 311–12 (Tex. 2006). Courts must make

18

a factual determination regarding the reasonableness and necessity of the fees awarded and a legal determination as to whether the award is equitable and just. *Id.; Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *City of Alton v. City of Mission*, 164 S.W.3d 861, 870 (Tex. App.—Corpus Christi 2005, pet. denied). We review the award of attorney's fees under the Declaratory Judgments Act for an abuse of discretion. *Bocquet*, 972 S.W.2d at 20–21. The trial court's judgment will not be reversed on appeal absent a clear showing that it abused that discretion. *Oake v. Collin Cnty.*, 692 S.W.2d 454, 455 (Tex. 1985); *Coghill v. Griffith*, 358 S.W.3d 834, 840 (Tex. App.—Tyler 2012, pet. denied).

Appellant's arguments here do not contest whether the attorney's fees were reasonable or necessary, but instead focus on whether the award of fees was equitable and just. Determining whether to award fees, or how much of an award is equitable and just in a given case, are questions committed to the trial court's discretion because of the nature of the issue. *See Ridge Oil Co., Inc. v. Guinn Investments, Inc.*, 148 S.W.3d 143, 161–63 (Tex. 2004). Whether it is "equitable and just" to award attorney's fees depends, not on direct proof, but on the concept of fairness, in light of all the circumstances of the case. *Id.* at 162; *see Approach Res. I, L.P. v. Clayton*, 360 S.W.3d 632, 639–40 (Tex. App.—El Paso 2012, no pet.).

The award of attorney's fees was the subject of an evidentiary hearing in the trial court. The trial court's judgment awarding Enerfin attorney's fees stated that the award to Enerfin was based on the evidence submitted by the parties at the hearing, the arguments of counsel, the contents of the court's file, and the trial court's judicial notice of those matters stated at the hearing.

19

The evidence before the trial court showed that the subject lease terminated at the end of January 2007. In June of 2007, Coover advised a previous lessee that appellants' access to the tract had been impeded and inquired about the environmental clean-up of the property. "A month or so went by" before the previous lessees responded and identified Enerfin as the current lessee of the tract. Coover wrote Enerfin in approximately July 2007 regarding its responsibilities for the tract, but Enerfin did not respond until approximately September 2008, mistakenly advising appellants that their tract was not part of the lands that Enerfin had under lease. The appellants did not pursue their claims against Enerfin at that time.

In November 2008, a representative of El Paso contacted appellants regarding access to the property for testing and plans for environmental testing, and in December 2008, appellants questioned El Paso about the tract's environmental condition and sought holdover rent and liquidated damages for the tract. El Paso forwarded appellants' demand to Koch, which in turn forwarded the demand to Enerfin. On February 11, 2009, Enerfin, as a successor lessee of the tract, wrote a letter to appellants assuming responsibility for the environmental issues pertaining to the lease. On March 5, 2009, Enerfin offered to purchase the tract for $35,375.00. In early December of 2008, Coover wrote back to El Paso asking about the status of the tract. In approximately January of 2009, Coover received notification from El Paso and Koch that Enerfin was responsible for the tract.

In February 2009, Coover spoke with Enerfin's representative regarding the dispute. In March 2009, Enerfin offered to purchase the property for $35,375.00, which was more than the amount ultimately ordered by the arbitrator. Appellants responded

20

that "the liquidated damages through the date of your proposal are $168,250.00." That same month, Enerfin filed its suit for declaratory relief against appellants.

Given the foregoing evidence and testimony, the trial court could have inferred that the period of delay prior to resolution of the issues herein was not attributable solely to Enerfin, but was instead attributable to all multiple if not all parties to the agreement and prior lessees of the tract. The trial court may also have inferred from the evidence that any alleged delay on the part of Enerfin was not the result of bad faith or stalling on its part, but was due to confusion resulting in part, from the chain of possession of the tract by different lessees. Moreover, the trial court may have considered that Enerfin offered to pay more for the tract than was ultimately determined to be its fair market value at arbitration, and that Enerfin's position that it did not owe holdover rent or liquidated penalties was vindicated in summary judgment proceedings.

Considering the concept of fairness, in light of all the circumstances of the case, appellants have not made a clear showing that the trial court abused its discretion in awarding Enerfin attorney's fees. *See Ridge Oil Co., Inc.*, 148 S.W.3d at 163. In this regard, we note that to the extent that appellants challenge the fee award as inequitable or unjust on the ground that it was based on the trial court's erroneous decision on the merits, we have already concluded that the trial court did not err in granting declaratory relief. Thus, on the record before us, we cannot conclude that the trial court abused its discretion in its award of attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *Bocquet*, 972 S.W.2d at 21. We overrule the remainder of appellant's fourth issue.

## VII. CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
31st day of May, 2012.